SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
----------------------------------------X
THE GALINN FUND LLC,

                      Plaintiff,

    -against-

THE COMPLEX AT PORT CHESTER LLC, JILL
CARIDI, MICHAEL CARIDI, SAMAR
CONSULTING, INC.,

"JOHN DOE" and "JANE DOE", said names
being fictitious and unknown to the
Plaintiff, the persons or parties being
the possible tenants, occupants, persons
or corporations, if any, having or
claiming an interest in or lien upon
the premises

                     Defendants.
----------------------------------------X

Index No.

SUMMONS

Plaintiff designates SUFFOLK County as the place of trial. Venue is based on the county in which the premises are situated.

TO THE ABOVE NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service, where service of this summons is made by delivery upon you personally within the state, or within thirty (30) days after completion of service where service is made in any other manner, and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

**NOTICE**
**YOU ARE IN DANGER OF LOSING YOUR HOME**

**If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.**

**Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.**

**Sending a payment to your mortgage company will not stop this foreclosure action.**

FILED: SUFFOLK COUNTY CLERK 08/09/2023 04:58 PM
NYSCEF DOC. NO. 1
INDEX NO. 619869/2023
RECEIVED NYSCEF: 08/09/2023

25-22685-shl    Doc 3-2    Filed 07/23/25    Entered 07/23/25 14:56:28    Exhibit B -
Summons and Complaint    Pg 2 of 11

YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.

Dated: Garden City, New York
       August 8, 2023

*[signature]*

LANCE FALOW, ESQ.
Attorney for Plaintiff
774 White Plains Road
Suite 220
Scarsdale, New York 10583
(914) 713-0001

# NOTICE PURSUANT TO NY RPAPL §1303
## Help for Homeowners in Foreclosure

New York State Law requires that we send you this notice about the foreclosure process. Please read it carefully.

### Summons and Complaint
You are in danger of losing your home. If you fail to respond to the summons and complaint in this foreclosure action, you may lose your home. Please read the summons and complaint carefully. You should immediately contact an attorney or your local legal aid office to obtain advice on how to protect yourself.

### Sources of Information and Assistance
The State encourages you to become informed about options in foreclosure. In addition to seeking assistance from an attorney or legal aid office, there are government agencies and non-profit organizations that you may contact for information about possible options, including trying to work with your lender during this process.

To locate an entity near you, you may call the toll-free helpline maintained by the New York State Department of Financial Services at 1-877-226-5697 or visit the Department's website at http://www.dfs.ny.gov.

### Rights and Obligations

**YOU ARE NOT REQUIRED TO LEAVE YOUR HOME AT THIS TIME.** You have the right to stay in your home during the foreclosure process. You are not required to leave your home unless and until your property is sold at auction pursuant to a judgment of foreclosure and sale.

Regardless of whether you choose to remain in your home, YOU ARE REQUIRED TO TAKE CARE OF YOUR PROPERTY and pay property taxes in accordance with state and local law.

### Foreclosure rescue scams
Be careful of people who approach you with offers to "save" your home. There are individuals who watch for notices of foreclosure actions in order to unfairly profit from a homeowner's distress. You should be extremely careful about any such promises and any suggestions that you pay them a fee or sign over your deed. State law requires anyone offering such services for profit to enter into a contract which fully describes the services they will perform and fees they will charge, and which prohibits them from taking any money from you until they have completed all such promised services.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
----------------------------------------X
THE GALINN FUND LLC,

                     Plaintiff,    Index No.

                                COMPLAINT

   -against-

THE COMPLEX AT PORT CHESTER LLC, JILL
CARIDI, MICHAEL CARIDI, SAMAR
CONSULTING, INC.,

"JOHN DOE" and "JANE DOE", said names
being fictitious and unknown to the
Plaintiff, the persons or parties being
the possible tenants, occupants, persons
or corporations, if any, having or
claiming an interest in or lien upon
the premises
                     Defendants.
----------------------------------------X

      Plaintiff, by its attorney, LANCE FALOW, ESQ., complaining of the defendants alleges, upon information and belief as follows:

      1. At all times hereinafter mentioned, plaintiff was and still is a New York Limited Liability Company.

**NOTE**
      2. On or about May 23, 2022, for good and valuable consideration THE COMPLEX AT PORT CHESTER LLC executed and delivered to THE GALINN FUND LLC a certain note bearing date that day, (Exhibit "A") whereby THE COMPLEX AT PORT CHESTER LLC covenanted and agreed to repay the sum of $9,650,000.00, together with interest thereon, at the rate of 11.5 percent.

**MORTGAGE**
      3. As collateral security for the payment of said indebtedness, on May 23, 2022 THE COMPLEX AT PORT CHESTER LLC executed, acknowledged and delivered to THE GALINN FUND LLC a mortgage (Exhibit "B") upon the premises described in Schedule "1" annexed hereto. Said mortgage was dated May 23, 2022 and duly recorded in the Office of the Clerk of the County of SUFFOLK and the Office of the Clerk of the County of WESTCHESTER.

**GAP NOTE**
      4. On or about February 7, 2023, for good and valuable consideration THE COMPLEX AT PORT CHESTER LLC executed and delivered to THE GALINN FUND LLC a certain note bearing date that day, (Exhibit "C") whereby THE COMPLEX AT PORT CHESTER LLC

covenanted and agreed to repay the sum of $1,600,000.00, together with interest thereon, at the rate of 12.00 percent.

### GAP MORTGAGE

5. As collateral security for the payment of said indebtedness, on February 7, 2023 THE COMPLEX AT PORT CHESTER LLC executed, acknowledged and delivered to THE GALINN FUND LLC a gap mortgage (Exhibit "D") upon the premises described in Schedule "1" annexed hereto. Said mortgage was dated February 7, 2023 and recorded in the County of SUFFOLK on June 28, 2023 in Liber M00023516 of mortgages at page 603 and recorded in the WESTCHESTER County Clerk's Office wherein they mortgaged the premises.

### CONSOLIDATED MORTGAGE NOTE

6. On or about February 7, 2023, for good and valuable consideration THE COMPLEX AT PORT CHESTER LLC executed and delivered to THE GALINN FUND LLC a certain consolidated mortgage note bearing date that day, (Exhibit "E") whereby the May 23, 2022 note in the amount of $9,650,000.00 and the February 7, 2023 gap note in the amount of $1,600,000.00 were consolidated and THE COMPLEX AT PORT CHESTER LLC covenanted and agreed to repay the consolidated sum of $11,250,000.00, together with interest thereon, at the rate of 12.00 percent per annum by monthly payments of interest only in the amount of $112,500.00 commencing April 1, 2023 and continuing on the first day of each and every month thereafter through and including August 1, 2023 at which time the principal balance if not sooner paid would be due and payable.

### CONSOLIDATION, EXTENSION AND MODIFICATION AGREEMENT

7. On or about February 7, 2023, THE COMPLEX AT PORT CHESTER LLC, entered into a consolidation, extension and modification agreement (Exhibit "F") with THE GALINN FUND LLC, which was recorded on June 28, 2023 in Liber M00023516 of mortgages at page 605, in the SUFFOLK County Clerk's Office, consolidating, extending and modifying the aforementioned mortgages     to form a single lien in the sum of $11,250,000.00 secured by the premises described in Schedule "1".

### SPREADER AGREEMENT

8. As additional security for the payment of said indebtedness, on February 7, 2023 THE COMPLEX AT PORT CHESTER LLC executed, acknowledged and delivered to THE GALINN FUND LLC a spreader agreement(Exhibit "G") upon the premises described in Schedule "1" annexed hereto. Said agreement was dated February 7, 2023 and recorded in the County of Westchester on February 9, 2023 in Control Number 63-403386 and thereafter recorded in the County of SUFFOLK on June 28, 2023 in Liber M00023516 of

mortgages at page 604 wherein they mortgaged the premises.

Said premises being known as and by street address:
38 Hildreth Avenue n/k/a 96 Audubon Avenue, Bridgehampton, NY
25 East Broadway, Port Chester, NY
21 East Broadway, Port Chester, NY
20 South Main Street, Port Chester, NY
18 South Main Street, Port Chester NY

9. On or about February 7, 2023, JILL CARIDI executed a loan guaranty (Exhibit "H") in favor of THE GALINN FUND LLC, to further induce the making of the subject loan.

10. On or about February 7, 2023, MICHAEL CARIDI executed a loan guaranty (Exhibit "I") in favor of THE GALINN FUND LLC, to further induce the making of the subject loan.

11. Said premises are subject to covenants, restrictions and easements of record and amendments thereto, if any; to any state of facts an accurate survey may show; railroad consents and sewer easements and to utility agreements, if any.

12. At the time of the recording of said mortgage, the mortgage taxes were duly paid.

13. Plaintiff;
(a) is still the owner, holder and possessor of the aforementioned note and mortgage, or has been delegated the authority to institute a mortgage foreclosure action by the owner and holder of the subject note and mortgage; and

(b) has complied with all provisions of Section five hundred ninety-five-a of the Banking Law and any rules and regulations promulgated thereunder, and with Section Six-l and Six-m of the Banking Law, for loans governed by those provisions; and

( C ) is in compliance with sending the ninety (90) day notice as required by RPA&PL Section 1304 if the underlying mortgage is subject to said provision.

14. That the mortgagor(s), their successor(s), assign(s) and/or transferee(s), have failed to comply with the terms and conditions of said above-named instruments by failing or omitting to pay the interest installment due August 1, 2023 and by failing to repay the matured principal balance of $10,650,000.00, which became due and payable on August 1, 2023.

15. That by reason of the foregoing default, the mortgagee heretofore has and hereby does demand immediate payment of the outstanding principal balance plus interest, late charges, legal fees, expenses and any other sums to which the mortgagee is entitled under the note and mortgage together with interest thereon.

16. The said mortgage contains express covenants in substance as follows:

> That the mortgagor will pay the indebtedness as hereinbefore provided; that the mortgagor will keep the buildings on the premises insured against loss by fire for the benefit of the mortgagee; that the mortgagor will pay all ground rents, assessments, water rates and other governmental or municipal charges; that the holder of this mortgage in any action to foreclose it shall be entitled to the appointment of a receiver without notice; that in the event of a foreclosure, the mortgaged property may be sold in one parcel.

17. That the terms of the above-described instruments provide in substance as follows: (1) That the whole of said principal sum and interest shall become due at the option of the mortgagee after default in the payment of any installment of principal or of interest; (2) that upon any default the mortgagor will pay the mortgagee any sums paid for taxes, charges, assessments and insurance premiums upon said mortgaged premises; (3) In the event it becomes necessary for the obligee to retain counsel to collect the within debt for foreclosure proceedings or otherwise, it is agreed that there shall be added to the principal indebtedness a sum equal to the reasonable value of the legal services rendered in connection therewith or such sum as may be fixed by the court; (4) if all sums due or payable under the mortgage are not paid in full on or before the due date, stated or accelerated, or as a result of default, the mortgagor agrees to pay interest on the unpaid balance at the rate of 24% per annum.

18. The balance of principal due upon said instruments as of the date of said default and as of the time of this complaint is $10,650.000.00, plus interest from July 1, 2023.

19. That in order to protect its security, plaintiff may be compelled during the pendency of this action to make repairs to, board, secure, protect and maintain the premises, to pay taxes, assessments, water rates, sewer rentals, insurance premiums, mortgage insurance premiums, if there be any, and other charges affecting the premises, and the plaintiff requests that any sum so paid be added to the sum otherwise due and be deemed secured by said mortgage and adjudged a valid lien on the premises herein described.

20. That the plaintiff requests that in the event this action proceeds to judgment of foreclosure and sale, said premises be sold subject to covenants, restrictions and easements, if any, of record; any state of facts an accurate survey may show; restrictions, regulations, ordinances and zoning ordinances of any municipal authority having jurisdiction thereof; and municipal, departmental and other governmental

violations, if any, affecting the premises; and real estate taxes, sewer rents, water charges, if any, open of record.

21. That no other action has been commenced at law or otherwise for the recovery of the sum, or any part thereof, secured by said instruments.

22. That the defendants all have or claim to have some interest in or lien upon the said mortgaged premises, or some part thereof, which interest or lien, if any, has accrued subsequently to the lien of the said mortgage or was in express terms or by law made subject thereto, or has been duly subordinated thereunto.

23. The defendants "JOHN DOE" and "JANE DOE" may be tenants or may be in possession of the aforementioned premises.

24. That the basis for naming any political subdivision, governmental agency or similar body, or the holder of a security interest in personal property, if any, is set forth on the schedule annexed hereto, entitled "Basis for joining particular Defendant".

WHEREFORE, plaintiff demands judgment that the defendants and all persons claiming under them subsequent to the filing of the notice of pendency of this action in the County of SUFFOLK and the County of WESTCHESTER may be forever barred and foreclosed from all right, title, claim, lien and equity of redemption in said mortgaged premises, and each and every part thereof; except the right of the United States of America and its political subdivisions, if it or they be a party to this action to redeem as provided for by the applicable laws; that the said premises may be decreed to be sold according to law; that the amount of principal due the plaintiff on said instruments may be adjudged in the sum of $10,650.000.00 plus interest from July 1, 2023 together with any interest deferred, and that from the money arising from the sale, plaintiff be paid the amount of $10,650.000.00, principal due it on said instruments with interest that may be due and owing to the time of such payment plus the expenses of sale and the costs and expenses of this action, including reasonable attorney fees, together with any sum which may be paid by the plaintiff for repairs to, boarding, securing, protecting and maintaining the premises, taxes, charges, assessments and insurance premiums upon said mortgaged premises, with appropriate interest thereon so far as such monies properly applicable thereto will pay the same; that the defendants THE COMPLEX AT PORT CHESTER LLC, JILL CARIDI and MICHAEL CARIDI be adjudged to pay any deficiency which may remain; that a receiver, upon plaintiff's application therefor, be forthwith appointed for said mortgaged premises for the benefit of the plaintiff, with all powers of receivers in such actions, and that the plaintiff have such other and further

relief as may be just and proper in the premises, together with the costs and disbursements of this action.

Dated: Scardale, New York
       August 8, 2023

                                          LANCE FALOW, ESQ.
                                          Attorney for Plaintiff
                                          774 White Plains Road
                                          Suite 220
                                          Scarsdale, New York 10583
                                          (914) 713-0001

FILED: SUFFOLK COUNTY CLERK 08/09/2023 04:58 PM
NYSCEF DOC. NO. 1
25-22685-shl   Doc 3-2   Filed 07/23/25   Entered 07/23/25 14:56:28   Exhibit B -
Summons and Complaint   Pg 10 of 11
INDEX NO. 619869/2023
RECEIVED NYSCEF: 08/09/2023

LANCE FALOW, ESQ., an Attorney duly admitted to practice law in the courts of the state of New York, hereby affirms under the penalty of perjury:

I am a member of the LAW OFFICES OF LANCE FALOW, the attorneys of record for the plaintiff herein.

I have read the foregoing Summons and Complaint in foreclosure and the same is true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief and as to those matters; I believe them to be true; that the grounds of my belief as to all matters not stated upon my knowledge are correspondence and other writings furnished to me by plaintiff and interviews with members and employees of plaintiff.

Affirmant further says that the reason this verification is made by affirmant and not by the plaintiff or its agent is because the cause of action is founded upon written instruments for the payment of money, which are now in affirmant's possession. The grounds of affirmant's belief as to all matters in said complaint not stated upon my own knowledge are derived from said written instruments and from records kept by affirmant.

Affirmed August 8, 2023

_____
LANCE FALOW, ESQ.

FILED: SUFFOLK COUNTY CLERK 08/09/2023 04:58 PM
NYSCEF DOC. NO. 1
INDEX NO. 619869/2023
RECEIVED NYSCEF: 08/09/2023

25-22685-shl    Doc 3-2    Filed 07/23/25    Entered 07/23/25 14:56:28    Exhibit B -
Summons and Complaint    Pg 11 of 11

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

THE GALINN FUND LLC,

                                            Plaintiff,

-against-

THE COMPLEX AT PORT CHESTER LLC, et al.,

                                            Defendants.

## SUMMONS AND COMPLAINT

LANCE FALOW, ESQ.
Attorney for Plaintiff
774 White Plains Road
Suite 220
Scarsdale, New York 10583
(914) 713-0001