SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------x
THE GALINN FUND LLC,

                              Plaintiff,   Index No. 619869/2023

                                          NOTICE OF ENTRY OF
           -against-                      JUDGMENT OF FORECLOSURE
                                          AND SALE

THE COMPLEX AT PORT CHESTER LLC, JILL
CARIDI, MICHAEL CARIDI, SAMAR
CONSULTING, INC., JOHN DOE #1 and JANE
DOE #2
                              Defendants.
------------------------------------------x

S I R S :

    PLEASE TAKE NOTICE, that the within is a true copy of a Judgment of Foreclosure and Sale duly entered in the Office of the Clerk of the within named Court on the 28th day of August, 2024.

Dated: Garden City, New York
       September 12, 2024

                                  _____
                                  LANCE KALOW, ESQ.
                                  By: Adam E. Mikolay, Esq., Of Counsel
                                  Attorney for Plaintiff
                                  774 White Plains Road
                                  Suite 220
                                  Scarsdale, New York 10583
                                  (914) 713-0001

TO:  Anthony J. Auciello, Esq.
     AUCIELLO LAW GROUP, P.C.
     Attorney for Defendants,
     THE COMPLEX AT PORT CHESTER LLC,
     JILL CARIDI and MICHAEL CARIDI
     26 Court Street, Ste 708
     Brooklyn, NY  11242

FILED: SUFFOLK COUNTY CLERK 09/13/2024 12:18 PM
NYSCEF DOC. NO. 79

25-22685-shl    Doc 3-3    Filed 07/23/25    Entered 07/23/25 14:56:28    Exhibit C -
Judgment of Foreclosure and Sale    Pg 2 of 20

INDEX NO. 619869/2023
RECEIVED NYSCEF: 09/13/2024

THE COMPLEX AT PORT CHESTER LLC
187 Wolf Road, Suite 101
Albany, NY  12205

THE COMPLEX AT PORT CHESTER LLC
32 Cutler Road
Greenwich, CT 06831

JILL CARIDI
32 Cutler Road
Greenwich, CT 06831

MICHAEL CARIDI
32 Cutler Road
Greenwich, CT 06831

SAMAR CONSULTING, INC.
2188 Kirby Lane
Syosset, NY 11791

JOHN DOE #1
38 Hildreth Avenue n/k/a 96 Audubon Avenue
Bridgehampton, NY  11932

JANE DOE #2
38 Hildreth Avenue n/k/a 96 Audubon Avenue
Bridgehampton, NY  11932

ANDREW GILBRIDE, ESQ.
Referee
12 1st Street
Riverhead, NY  11901

FILED: SUFFOLK COUNTY CLERK 09/13/2024 12:18 PM
NYSCEF DOC. NO. 79
25-22685-shl   Doc 3-3   Filed 07/23/25   Entered 07/23/25 14:56:28   Exhibit C -
Judgment of Foreclosure and Sale   Pg 3 of 20
INDEX NO. 619869/2023
RECEIVED NYSCEF: 09/13/2024

23516
E-FILE 603

No B/C

NO DIRECTIVE

At an IAS Term, Part 33, of the Supreme Court of the State of New York, held in and for the County of SUFFOLK at the Courthouse thereof, located at 1 Court Street, Riverhead, NY 11901, on the 23 day of August, 2024.

PRESENT:

HON. THOMAS F. WHELAN
       Justice.

Mot. Seq. # 002 - MG
Case Disposed: Yes
ENTERED: AUG 28 2024
AT: 2:11 pm

---------------------------------------x

THE GALINN FUND LLC,

Index No. 619869/2023

                    Plaintiff,

        -against-

THE COMPLEX AT PORT CHESTER LLC, JILL CARIDI, MICHAEL CARIDI, SAMAR CONSULTING, INC., JOHN DOE #1 and JANE DOE #2

                    Defendants.

JUDGMENT OF
FORECLOSURE
AND SALE

Galinn Fund LLC
914-713-0001

Foreclosure of:
38 Hildreth Avenue n/k/a
96 Audubon Avenue
Bridgehampton, NY
D: 0900, S: 088.00
B: 02.00 L: 027.000, and

18 and 21 East Broadway,
Port Chester, NY,
S: 142.30, B: 2, Lots 60 and 67

---------------------------------------x

On the Summons, Verified Complaint and Notice of Pendency of Action in Suffolk County heretofore filed with the Clerk of this Court on August 9, 2023, and the Notice of Pendency filed herein in Westchester County on December 28, 2023, the Affidavits of Service of the Summons and Complaint upon all of the defendants, all of which were duly filed with the Clerk of the Court, and

FILED: SUFFOLK COUNTY CLERK 09/13/2024 12:18 PM
NYSCEF DOC. NO. 79
INDEX NO. 619869/2023
RECEIVED NYSCEF: 09/13/2024

25-22685-shl    Doc 3-3    Filed 07/23/25    Entered 07/23/25 14:56:28    Exhibit C -
Judgment of Foreclosure and Sale    Pg 4 of 20

more particularly referred to in the Affirmation of Regularity of Adam E. Mikolay, Esq., Of Counsel to ADAM E. MIKOLAY, Esq., an attorney for plaintiff, signed on June 12, 2024, from which Affirmation it appears that this is an action to foreclose a mortgage upon real property situate within the territorial jurisdiction of this Court; that the whole amount thereon, as alleged in the Verified Complaint, is presently due and owing, with interest thereof, as therein alleged; and upon the prior Order of this Court appointing a Referee to ascertain and compute the amount due the plaintiff, and to examine and report whether the mortgage premises can be sold in one parcel, by which report, duly filed simultaneously herewith, the said Referee has reported that the sum of $13,206,000.00 is due and owing to plaintiff as of May 1, 2024; and that the mortgaged premises should be sold in two parcels; that the time for each and all of the defendants to answer or move with respect to the Complaint has expired and that the same has not been extended; that none of the defendants is an infant, incompetent or absentee; and no one being entitled to notice of this application except THE COMPLEX AT PORT CHESTER LLC, JILL CARIDI and MICHAEL CARIDI who are entitled to notice by reason of their having appeared herein and demanded notice of the instant application; and the same having regularly come on to be heard before this Court, and after due deliberation having been had, and upon the decision of the court dated 8/23/24 ;

NOW, on motion of LANCE FALOW, ESQ., attorney for plaintiff, it is

FILED: SUFFOLK COUNTY CLERK 09/13/2024 12:18 PM
NYSCEF DOC. NO. 79
25-22685-shl    Doc 3-3    Filed 07/23/25    Entered 07/23/25 14:56:28    Exhibit C -
Judgment of Foreclosure and Sale    Pg 5 of 20
INDEX NO. 619869/2023
RECEIVED NYSCEF: 09/13/2024

ORDERED, ADJUDGED AND DECREED, that the motion be and the same is hereby in all respects granted, *without opposition* and that the report of the Referee is hereby ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the plaintiff have judgment herein for the sum of $13,206,000.00, together with interest thereon from May 1, 2024, upon the principal portion, thereof at the contract rate of interest until entry of judgment; and it is further

ORDERED, ADJUDGED AND DECREED, that the mortgaged premises described in the Verified Complaint, as hereinafter described, be sold in two parcels as follows,

First, the Suffolk County property located at 38 Hildreth Avenue n/k/a 96 Audubon Avenue, Bridgehampton, NY (D: 0900, S: 088.00, B: 02.00, L: 027.000)(Parcel 1) shall be sold subject to the open senior consolidated mortgage held by Mortgage Electronic Registration Systems, Inc. As Nominee for New Penn Financial, LLC (pursuant to a consolidation agreement recorded April 7, 2014 in Liber 22476 Page 801;

Second, if the Suffolk County property sells for less than the total of the amount due plaintiff plus unpaid taxes and water charges, then the Westchester County parcel located at 18 and 21 East Broadway, Port Chester, NY, (Section: 142.30, Block: 2, Lots 60 and 67)(Parcel 2) shall be sold as soon after Parcel 1 as practicable. The plaintiff and the referee need not wait until after the auction of parcel 1 to begin advertising the sale of parcel 2;

FILED: SUFFOLK COUNTY CLERK 09/13/2024 12:18 PM
NYSCEF DOC. NO. 79
INDEX NO. 619869/2023
RECEIVED NYSCEF: 09/13/2024

25-22685-shl    Doc 3-3    Filed 07/23/25    Entered 07/23/25 14:56:28    Exhibit C -
Judgment of Foreclosure and Sale    Pg 6 of 20

Third, if the sales of parcels 1 and parcel 2 are insufficient to pay the amounts due plaintiff plus unpaid taxes and unpaid water charges, then plaintiff may move forward with the sale of the Connecticut state property in accordance with the laws of the state of Connecticut which plaintiff was granted leave to foreclose upon pursuant to the prior order of this court issued May 16, 2024, NYSCEF Doc # 64 secured by mortgage recorded in VOL 8194 PG 312, Inst 00850 in the Fairfield County Connecticut records (NYSCEF Doc #39) subject to any zoning restrictions and any amendments thereto, according to law, and now in force; subject to covenants, restrictions, agreements, reservations and easements of record, if any, and municipal departmental violations, if any, any sale to be held hereunder will be subject to the rights of the United States of America to redeem, if any,

**AUCTION OF THE SUFFOLK COUNTY PARCEL:**

Sale of the Suffolk County Parcel shall be at public auction at the front steps of the _Southampton Town Hall_

subject to any prior liens of record by and under the direction of <u>ANDREW GILBRIDE, ESQ.</u> who is hereby appointed Referee for that purpose; that said Referee give public notice of the time and place of said sale according to law and the practice of this Court in the _Southampton Press_

that the plaintiff or any other party to this action may become the purchaser at such sale; that in the event the plaintiff shall become the purchaser at said sale, it shall not be required to make any down-payment thereon; that said referee execute to the purchaser or purchasers on such sale a deed of the premises sold; that upon receiving a down-payment the Referee then deposit such sum in his own name as Referee in

\ _FDIC/IOLA acct_____

_____

and upon receiving the full proceeds of sale shall pay therefrom in accordance with their priority according to law any Real Estate taxes, assessments, sewer rates or water rates which are or may become liens upon the premises at the time of such sale and which remain unpaid with such interest or penalties which may have lawfully accrued thereon to the date of payment, provided same are due and payable at the time of such sale and shall thereafter make the following payments and any checks drawn for that purpose shall be paid by the said depository;

⟨⟩  1. The sum of $500.00 to the said Referee as and for his fees herein, however if the referee elects to apply to the court for a further fee, said referee may leave in the above mentioned account a sum sufficient to cover the additional fee applied for;

   2. The expenses of the sale and advertising expenses as shown on bills presented to said Referee;

⟨⟩  3. The sum of $__TBD__ – _upon subsequent application_ to the plaintiff or its attorney, adjudged to the plaintiff for costs and disbursements in this action, with interest thereon from the date of entry

hereof together with an additional allowance of $ 300.00 hereinabove awarded to the plaintiff in addition to costs, with interest thereon from the date of entry hereof; the plaintiff is granted leave to make an application for an award of legal fees if after the sales there is a surplus remaining and the plaintiff is so advised, and also the sum of $13,206,000.00, the amount reported due as aforesaid, together with interest upon the unpaid principal balance from May 1, 2024, plus such advances as the plaintiff shall have made for mortgage insurance premiums, fire and other casualty insurance, and such other expenses incurred, including but not limited to repairs, maintenance, boarding and securing the premises, if any, for the protection of the said premises, or so much thereof as the purchase money of the mortgaged premises will pay the same. If the proceeds of the sale of parcel 1 are insufficient to pay the foregoing sums, the sale of parcel 2 may thereafter be conducted as soon after the sale of parcel 1 as practicable

**AUCTION OF PARCEL 2, THE WESTCHESTER PROPERTY:**

Sale of the WESTCHESTER COUNTY PARCEL (2) shall be at public auction in the lobby of the _TBD upon subsequent application_ subject to any prior liens of record by and under the direction of ~~(Westchester County Referee)~~ _TBD upon subsequent application_

who is hereby appointed Referee for that purpose; that said Referee give public notice of the time and place of said sale according to law and the practice of this Court in the (Westchester County Newspaper) ~~_____~~ TBD upon subsequent application that the plaintiff or any other party to this action may become the purchaser at such sale; that in the event the plaintiff shall become the purchaser at said sale, it shall not be required to make any down-payment thereon; that said referee execute to the purchaser or purchasers on such sale a deed of the premises sold; that upon receiving a down-payment the Referee then deposit such sum in his own name as Referee in (Westchester Bank) ~~_____~~ TBD upon subsequent application and upon receiving the full proceeds of sale shall pay therefrom in accordance with their priority according to law any Real Estate taxes, assessments, sewer rates or water rates which are or may become liens upon the premises at the time of such sale and which remain unpaid with such interest or penalties which may have lawfully accrued thereon to the date of payment, provided same are due and payable at the time of such sale and shall thereafter make the following payments and any checks drawn for that purpose shall be paid by the said depository;

1. The sum of $500.00 to the said Referee as and for his fees herein, however if the referee elects to apply to the court

FILED: SUFFOLK COUNTY CLERK 09/13/2024 12:18 PM
NYSCEF DOC. NO. 79
INDEX NO. 619869/2023
RECEIVED NYSCEF: 09/13/2024

25-22685-shl    Doc 3-3    Filed 07/23/25    Entered 07/23/25 14:56:28    Exhibit C -
Judgment of Foreclosure and Sale    Pg 10 of 20

for a further fee, said referee may leave in the above mentioned account a sum sufficient to cover the additional fee applied for;

2. The expenses of the sale and advertising expenses as shown on bills presented to said Referee;

3. That so much of the portion of the sum of $13,206,000.00, remaining unpaid after the sale of Parcel 1, the amount reported due as aforesaid, together with interest upon the unpaid principal balance from May 1, 2024, plus such advances as the plaintiff shall have made for mortgage insurance premiums, fire and other casualty insurance, and such other expenses incurred, including but not limited to repairs, maintenance, boarding and securing the premises, if any, for the protection of the said premises, or so much thereof as the purchase money of the mortgaged premises will pay the same and is not already paid.

That in case the plaintiff be the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser, at said sale shall be assigned to and be acquired by the plaintiff, and a valid assignment thereof filed with said Referee, said Referee shall not require the plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the plaintiff a deed or deeds of the premises sold upon the payment to said Referee of the amounts specified above in items marked "1" and "2"; that the balance of the amount bid after deducting therefrom the aforesaid amounts paid by the plaintiff, shall be allowed to the plaintiff and applied by the Referee upon the amounts due to the plaintiff as specified above in item marked "3"; that if, after so applying

FILED: SUFFOLK COUNTY CLERK 09/13/2024 12:18 PM
NYSCEF DOC. NO. 79
25-22685-shl    Doc 3-3    Filed 07/23/25    Entered 07/23/25 14:56:28    Exhibit C -
Judgment of Foreclosure and Sale    Pg 11 of 20
INDEX NO. 619869/2023
RECEIVED NYSCEF: 09/13/2024

the balance of the amount bid, there shall be a surplus over and above the said amounts due to the plaintiff, the plaintiff shall pay to the Referee upon delivery to it of the said Referee's deed, the amount of such surplus; that the Referee on receiving said amounts from the plaintiff shall deposit the balance in said depository as hereinabove directed except that the referee shall retain in escrow such sum as the plaintiff shall advise the referee the plaintiff shall be seeking an award of legal fees.

That said Referee take the receipt of the plaintiff or its attorney for the amounts paid as hereinbefore directed, in item marked "3", and file it with his Report of Sale; that he deposit the surplus monies, if any, with the

SUFFOLK COUNTY ~~TREASURER~~ Comptroller

within five days after the same shall be received and be ascertainable, to the credit of this action, to be withdrawn only on the Order of this Court, signed by a Judge thereof; and it is further

ORDERED, ADJUDGED AND DECREED that all expenses of recording the Referee's deed, including real property transfer tax, which is not a lien upon the property at the time of sale, shall be paid by the purchaser, not by the Referee from sale proceeds; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall make a report of such sale and file it with the Clerk of the County in which this action is pending, within thirty days of the completion of said sale and the execution of a proper conveyance to the purchaser; that if the proceeds of such sale be

insufficient to pay the amount so reported due to the plaintiff with the expenses of the sale, interest, costs and allowances, as aforesaid, the Referee shall specify the amount of such deficiency in his Report of Sale and that the plaintiff recover of the defendant(s) THE COMPLEX AT PORT CHESTER LLC, JILL CARIDI and MICHAEL CARIDI the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgage debt remaining unsatisfied, after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the Real Property Actions and Proceedings Law within the time limited therein, and the amount thereof determined and awarded by an Order of this Court as provided for in said section; and it is further

ORDERED, that the purchaser or purchasers at said sale be let into possession on production of the Referee's deed or deeds; and it is further

ORDERED, ADJUDGED AND DECREED, that each and all of the defendants in this action and all persons claiming by, through or under them or any or either of them, after the filing of the Notice of Pendency of this action, be and they hereby are forever barred and foreclosed of all right, claim, lien, title interest and equity of redemption in said mortgaged premises, and each and every part thereof.

A description of the real property under foreclosure is annexed to this Judgment and made a part hereof as Exhibit "A".

FILED: SUFFOLK COUNTY CLERK 09/13/2024 12:18 PM
NYSCEF DOC. NO. 79
INDEX NO. 619869/2023
RECEIVED NYSCEF: 09/13/2024

25-22685-shl    Doc 3-3    Filed 07/23/25    Entered 07/23/25 14:56:28    Exhibit C -
Judgment of Foreclosure and Sale    Pg 13 of 20

## Schedule A Description - continued

Title Number BA-23-3730

ALL those certain lots, pieces or parcels of land, situate, lying and being at Bridgehampton, Town of Southampton, County of Suffolk and State of New York, known and designated as the Southerly 8 feet of lot 4 and all of Lots 5 to 7 inclusive in Block G on a certain map entitled, "Subdivision Map of H.L Hildreth Property at Bridgehampton New York," and filed in the Office of the Clerk of the County of Suffolk on May 20, 1926 as Map No. 227, and more specifically described according to survey thereof made by Theodore F. Squires, L.L.S. Southampton, N.Y. September 18, 1963 as follows:

BEGINNING at a moment set at the point of intersection of the Northerly line of Lot # 8 in Block G on the aforesaid map with the Westerly line of Hildreth Avenue, said monument being situate North 13 degrees 49 minutes 20 seconds East 280.00 feet from a monument set at the point of intersection of the Westerly line of Hildreth Avenue with the Northerly line of Sagaponack Road;

RUNNING THENCE from said point of beginning North 64 degrees 26 minutes 00 seconds West along the Northerly line of said Lot # 8 202.19 feet to a monument and the Easterly line of land of Roy and Ellen Ryan;

THENCE North 13 degrees 23 seconds 00 minutes East along the Easterly line of land of Roy and Ellen Ryan 128.21 feet to a monument;

THENCE South 64 degrees 26 minutes 00 seconds East through Lot # 4 in Block G on the aforesaid map 203.20 feet to a monument on the Westerly line of Hildreth Avenue;

THENCE South 13 degrees 49 minutes 20 seconds West along the Westerly line of Hildreth Avenue 128.00 feet to the monument at the point or place of BEGINNING.

FOR INFORMATIONAL PURPOSES ONLY: Said premises being more commonly known as: 38 Hildreth Avenue, NKA 96 Audubon Avenue, Bridgehampton, NY. District 0900 Section 088.00, Block 02.00 Lot 027.000

All that certain plot, piece or parcel of land, situate, lying and being in the Village of Port Chester, Town of Rye, County of Westchester in the State of New York, being more particularly bounded and described as follows:

BEGINNING at a point on East Broadway at the southwest corner of the land now or formerly of John Fuchs;

RUNNING THENCE along the said land now or formerly of John Fuchs, South 63 degrees 55 minutes East a distance of 90.46 feet and South 68 degrees 12 minutes East, a distance of 72.87 feet to South Main Street;

THENCE Southwesterly, along South Main Street, forming an angle on its Westerly side with the last mentioned line of 84 degrees 57 minutes, a distance of 37 feet to the land now or formerly of Robena Mersereau;

THENCE Northwesterly, along a line forming an angle on its Northerly side with the last mentioned line of 92 degrees 9 minutes, a distance of 68.87 feet along the land now or formerly of Robena Mersereau;

THENCE Southwesterly, along a line forming an angle on its Easterly side with the last mentioned line of 85 degrees 40 minutes, a distance of 7.84 feet along the land now or formerly of Robena Mersereau to the land now or formerly of Mary Keeley;

THENCE Northwesterly, along a line forming an angle on its Northerly side with the last mentioned line of 79 degrees 12 minutes, a distance of 97.45 feet along the land now or formerly of Mary Keeley to East Broadway; and

THENCE northeasterly, along East Broadway, forming an angle on its Easterly side with the last mentioned line of 90 degrees 40 minutes, a distance of 92.5 feet to the point or place of BEGINNING.

FOR INFORMATIONAL PURPOSES ONLY: Said premises being more commonly known as: 18 South Main Street Port Chester, New York Section: 142.30 Block: 2 Lot: 46

ALL that certain plot, piece or parcel of land, situate, lying and being in the Village of Port Chester, Town of Rye, County of Westchester and State of New York, and more particularly bounded and described as follows:

BEGINNING at a point in the northwesterly side of South Main Street distant southwesterly as measured along the same 244.75 feet from the corner formed by its intersection with the southwesterly side of Westchester Avenue, said point beginning being also at the southeasterly corner of the land now or formerly of Strunsky;

RUNNING THENCE along the last mentioned land in a northwesterly direction and on a line forming an interior angle of 87 degrees, 56 minutes, 40 seconds with the said northwesterly side of South Main Street, a distance of 68.87 feet to other land now or formerly of said Strunsky;

RUNNING THENCE along said last mentioned land and the lands now or formerly of Keeley in a southwesterly direction and on a line forming an interior angle of 85 degrees, 34 minutes 30 seconds with the last mentioned course 12.99 feet to the land now or formerly of Aschmann;.

THENCE along the last mentioned land in a southeasterly direction and on a line forming an interior angle of 94 degrees 25 minutes 30 seconds with the last mentioned course a distance of 67.41 feet to the northwesterly side of South Main Street aforesaid;

THENCE a northeasterly direction along the same 12.96 feet to the point or place of BEGINNING.

FOR INFORMATIONAL PURPOSES ONLY: Said premises commonly known as: 20 South Main Street Port Chester, New York 10573 Section 142.30 Blk:2 Lot 45

All that plot of land in the Village of Port Chester, Town of Rye, County of Weightiest and State of new York, bounded and described as follows:

BEGINNING at a point on the southeasterly side of East Roadway adjoining the southwest corner of land formerly of North J. Sands now or formerly of Glazing, said point of beginning being distant 247.57 feet southwesterly as measured along said southeasterly side of East Roadway from the corner formed by the intersecting of the southwesterly side of Westchester Avenue with said southeasterly side of East Broadway;

THENCE running along the southeasterly line of said land formerly of Norton J. Sands now or formerly of Gleason South 58 degrees 54 feet 40 inches East 97.42 feet the northwesterly line of land now or formerly of Aschman;

THENCE running along the northwesterly line of said land now or formerly of Aschman South 20 degrees 22 feet 10 inches West 50.00 feet to the northeast corner of land now or formerly of Marino;

THENCE running along the northeasterly line of said land now or formerly of Marino North 59 degrees 39 feet 20 inches West 10.21 fee to the southeasterly side of East Roadway;

THENCE running along the southeasterly side of East Broadway, North 30 degrees 30 feet East 50.5 feet to the point or place of BEGINNING.

FOR INFORMATIONAL PURPOSES: SAID PREMISES also known as: 21 East Broadway Port Chester, New York Section 142.30, Blk: 2, Lot: 59

ALL that certain plot, piece or parcel of land, with the buildings thereon erected, situate, lying and being in the Village of Port Chester, Town of Rye, County of Westchester and State of New York, bounded and described as follows:

BEGINNING at a point on the southwesterly side of East Broadway, where the same is intersected by the dividing line between lands formerly of Rocco Marino, deceased, and lands now or formerly of Anne C. Bree, which point is also distant 298.07 feet southwesterly from the corner formed by the intersection of the southeasterly side of East Broadway and southwesterly side of Westchester Avenue;

RUNNING THENCE along said dividing line on a course South 49 degrees, 12 minutes, 30 seconds, East 106.22 feet to a point;

RUNNING THENCE along the lands now or formerly of Ezekowitz on a course South 30 degrees, 49 minutes, West 51.77 feet to a point;

RUNNING THENCE through the lands formerly of Rocco Marino, deceased, on a course North 48 degrees, 41 minutes, West 115.78 feet to the southeasterly side of East Broadway;

RUNNING THENCE along East Broadway on a course North 41 degrees, 29 minutes, East 49.93 feet to the point or place of BEGINNING.

FOR INFORMATIONAL PURPOSES: Said premises commonly known as: 25 East Broadway Port Chester, New York 10573 Section L: 142.30 Blk: 2 Lot: 60

## Schedule A Description

Title Number BA-22-3500                                                         Page 1

### MERGED DEED

All that certain plot, piece of land situate, lying and being in the Village of Port Chester, Town of Rye, County of Westchester, State of New York, being more particularly bounded and described as follows:

BEGINNING at a point on the westerly boundary of South Main Street, said point being distant from the southwesterly line of Westchester Avenue as measured along westerly boundary of South Main Street a distance of 207.75 feet;

Running thence, from said Point of BEGINNING, S 27° 16' 08" W a distance of 49.98 feet to the easterly corner of lands now or formerly Simone Development Co.;

Thence, running along lands now or formerly Simone Development Co. and in continuation along lands now or formerly Village of Port Chester IDA, and lands now or formerly South Port Mew Preservation LP the following four (4) courses and distances:

1. N 64° 52' 52" W a distance of 67.41 feet; 2. S 20° 37' 41" W a distance of 51.66 feet; 3. S 19° 48' 50" W a distance of 44.97 feet; 4. N 58° 46' 49" W a distance of 117.32 feet to a point on the easterly boundary of East Broadway;

Thence, running along the easterly boundary of East Broadway; the following two (2) courses and distances:

1. N 31° 32' 10" E a distance of 100.53 feet; 2. N 30° 55' 08" E a distance of 32.50 feet to the westerly corner of lands now or formerly Sinis;

Thence, running along the southerly boundary of lands now or formerly Sinis the following two (2) courses and distances:

1. S 63° 29' 52" E a distance of 90.46 feet; 2. S 67° 46' 52" E a distance of 72.87 feet to the Point and Place of BEGINNING.

Continued On Next Page

FILED: SUFFOLK COUNTY CLERK 09/13/2024 12:18 PM
NYSCEF DOC. NO. 79
INDEX NO. 619869/2023
RECEIVED NYSCEF: 09/13/2024

25-22685-shl    Doc 3-3    Filed 07/23/25    Entered 07/23/25 14:56:28    Exhibit C -
Judgment of Foreclosure and Sale    Pg 18 of 20

## Schedule A Description - continued

Title Number BA-22-3500                                Page    2

This description is based on a Boundary and Topographic Survey of 18 and 20 South Main Street — 21 and 25 East Broadway Lots 45, 46, 59 and 60 in Block 2 Town of Rye Village of Port Chester County of Westchester, NY

FOR INFORMATIONAL PURPOSES: Said premises now known as 18 South Main Street Port Chester N.Y., Section 142.30 Block 2 Lot 67
(20 South Main Street SBL#142.30-2-45, 18 South Main Street SBL#142.30-2-46, and 21 East Broadway SBL#142.30-2-59 have been merged) and

Said premises commonly known as: 25 East Broadway Port Chester, New York 10573
Section 142.30 Blk: 2 Lot: 60

**FOR INFORMATION ONLY:**
Tax Designation:

County: Westchester, t/o Rye, v/o Portchester
    Tax Section: 142.30    Tax Block: 2    Tax Lot: 67 AS MERGED

Address: 18 South Main Street, Port Chester, NY 10573

County: Westchester, t/o Rye, v/o Portchester
    Tax Section: 142.30    Tax Block: 2    Tax Lot: 60

Address: 25 East Broadway, Port Chester, NY 10573

FILED: SUFFOLK COUNTY CLERK 09/13/2024 12:18 PM
NYSCEF DOC. NO. 79

INDEX NO. 619869/2023
RECEIVED NYSCEF: 09/13/2024

25-22685-shl    Doc 3-3    Filed 07/23/25    Entered 07/23/25 14:56:28    Exhibit C -
Judgment of Foreclosure and Sale    Pg 19 of 20

Said premises are known as and by 38 Hildreth Avenue n/k/a 96 Audubon Avenue, Bridgehampton, NY and 16 South and continuous vacant commercial parcels located at 18 South Main Street, Port Chester, NY and 21 East Broadway, Port Chester, NY.

E N T E R

GRANTED    Hon. THOMAS F. WHELAN, J.S.C.

AUG 23 2024

VINCENT PULEO
Clerk of Suffolk County

FILED: SUFFOLK COUNTY CLERK 09/13/2024 12:18 PM
NYSCEF DOC. NO. 79
INDEX NO. 619869/2023
RECEIVED NYSCEF: 09/13/2024

25-22685-shl    Doc 3-3    Filed 07/23/25    Entered 07/23/25 14:56:28    Exhibit C -
Judgment of Foreclosure and Sale    Pg 20 of 20

Index No.: 619869/2023

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
_____
THE GALINN FUND LLC,

                                      Plaintiff,

            -against-

THE COMPLEX AT PORT CHESTER LLC, et al.,

                                      Defendants.
_____


NOTICE OF ENTRY OF JUDGMENT OF FORECLOSURE AND SALE

_____


LANCE FALOW, ESQ.
Attorney for Plaintiff
774 White Plains Road
Suite 220
Scarsdale, New York 10583
(914) 713-0001