DAVIDOFF HUTCHER & CITRON LLP                Hearing Date: August 14, 2025
*Attorneys for The Galinn Fund LLC*               Hearing Time: 2:00 p.m.
120 Bloomindale Road
White Plains, NY 10605
(914) 381-7400
Robert L. Rattet, Esq.
Jonathan S. Pasternak, Esq.
Craig M. Price, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                                    Chapter 11

THE COMPLEX AT PORT CHESTER LLC,          Case No.: 25-22685 (SHL)

                          Debtor.
-------------------------------------------------------------x

### SUPPLEMENT TO MOTION OF THE GALINN FUND LLC (I) TO DISMISS THE DEBTOR'S BANKRUPTCY CASE, OR IN THE ALTERNATIVE, (II) FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE, AND (III) FOR SANCTIONS

The Galinn Fund LLC ("Galinn"), by and through its counsel Davidoff Hutcher & Citron LLP, submits this supplement (this "Supplement") to its motion (the "Motion")[1] [ECF Docket No. 3] seeking entry of an order (i) immediately dismissing the Debtor's above referenced second chapter 11 case (the "Second Bankruptcy Case") or, in the alternative, (ii) terminating the automatic stay pursuant to section 362(d) of title 11 of Chapter 11 of the United States Code, as amended (the "Bankruptcy Code") to allow Galinn to proceed with the Foreclosure Action,[2] and (iii) for sanctions on account of the Debtor's bad faith filing of its Second Bankruptcy Case, and respectfully represents as follows:

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.
[2]    Index No. 619869/2023, Suffolk County, N.Y. Supreme Court.

### SUPPLEMENT

1.       As set forth in the Motion, Galinn alleges that the Debtor has commenced this Second Bankruptcy Case in bad faith only two short months after its initial bankruptcy was dismissed by this Court to stave off the Foreclosure Action currently pending in Suffolk County, New York.   The Foreclosure Action concerns the Debtor's only asset, which is four (4) undeveloped parcels of land located in Port Chester, New York (the "Property").   As set forth in the Motion, the Property, which was recently appraised for $5.5 million, is the subject of the Consolidated Note with Galinn.   The Debtor previously defaulted on the Consolidated Note and, following such default, Galinn commenced the Foreclosure Action, which resulted in a Judgment of Foreclosure and Sale with respect to the Property, granted on August 23, 2024, and entered on August 28,2024 (attached to the Motion as **Exhibit C**), which order was amended on January 24, 2025 by Order Amending Judgment of Foreclosure and Sale (the "Foreclosure Order") (attached to the Motion hereto as **Exhibit D**).   Among other things, the Foreclosure Order stated that the sum of $13,206,000.00 plus interest, fees and expenses was due to Galinn as of May 1, 2024, and that the Property should be sold at public auction.   The first public sale of the Property did not occur owing to the commencement of the Debtor's initial Chapter 11 Case, and the second public auction of the Property was aborted on account of the Second Bankruptcy Case.

2.       Galinn submits this Supplement to further inform the Court that the Foreclosure Action is not the only state court litigation currently pending with regard to the Consolidated Note. Rather, as set forth in the complaint (the "Complaint"), attached hereto as **Exhibit 1**, the Consolidated Note was guaranteed (the "Guarantee") by three parties: (i) 392 Davis Avenue Associates, LLC, (ii) Jill Caridi, and (iii) Michael Caridi (who is the same individual who executed the Debtor's petition as both the Debtor's representative and attorney).  The Guarantee was secured

2

by, among other things, a mortgage on properties known as 1 Home Place, Units 1 and 2, in Greenwich Connecticut (together, the "Ct Collateral").  To be clear, the Ct Collateral is owned by Jill and Micheal Caridi – not the Debtor.  On account of the Debtor's default under the Consolidated Note, Galinn filed the Complaint on June 5, 2025, in Connecticut Superior Court (on account of the location of the Ct Collateral) (the "Ct Litigation").

3.      Following the filing of the Second Bankruptcy Case, and out an abundance of caution, Galinn has not taken any additional action in the Ct Litigation since the Petition Date. While it is uncertain whether the automatic stay applies given that the Ct Collateral is not property of the Debtor's estate, Galinn requests that, to the extent that the Motion is granted and the stay is lifted to allow the Foreclosure Action to proceed, that the Court also lift the stay with regard to the Ct Litigation or, alternatively, make a finding that the automatic stay is not applicable to the Ct Collateral as the Ct Collateral is not owned by the Debtor.  The only nexus with the Debtor is that the Debtor is the obligor under the Consolidated Note.  To the extent that the Court finds that the stay is applicable and must be lifted, Galinn asserts that the same basis exists to lift the stay with regard to the Ct Litigation as to the Foreclosure Action, namely, that the Debtor: (i) lacks equity in the Ct Collateral, (ii) is not making any payments on the Consolidated Note, and (iii) the Ct Collateral is not necessary for an effective reorganization.

*[Remainder of Page Intentionally Left Blank]*

Dated: White Plains, New York
July 31, 2025

Respectfully submitted,
DAVIDOFF HUTCHER & CITRON LLP
*Attorneys for The Galinn Fund*

 By: /s/ Robert L. Rattet
Robert L. Rattet
Jonathan S. Pasternak
Craig M. Price
120 Bloomindale Road
White Plains, New York 10605
(914) 381-7400

| | | |
|---|---|---|
| RETURN DATE: JULY 8, 2025 | : | SUPERIOR COURT |
| | : | |
| THE GALINN FUND LLC | : | J. D. OF STAMFORD/NORWALK |
| | : | |
| VS. | : | AT STAMFORD |
| | : | |
| MICHAEL CARIDI, et al. | : | JUNE 5, 2025 |

## COMPLAINT

**FIRST COUNT** (Foreclosure of $8,400,000 Mortgage on 1 Home Place, Unit 1, Greenwich, Connecticut)

1.     On or about August 9, 2021, defendant The Complex at Port Chester, LLC ("***Maker***") became indebted to plaintiff, The Galinn Fund LLC ("***Plaintiff***"), in the principal amount of $8,400,000 as evidenced by that certain promissory note of even date (the "***$8,400,000 Note***"), with interest and other charges thereon as provided therein.

2.     Also on or about August 9, 2021, defendants 392 Davis Avenue Associates, LLC ("***392 Davis***"), Jill Caridi ("***Jill***"), and Michael Caridi ("***Micheal***") executed guaranty agreements (collectively, the "***$8,400,000 Guaranty***") pursuant to which they guaranteed to Plaintiff the payment and performance of Maker's obligations under the $8,400,000 Note.

3.     On or about August 9, 2021, Jill and Michael were the owners of a certain piece or parcel of land with the improvements thereon situated in the Town of Greenwich, Connecticut, commonly known as 1 Home Place, Unit 1, and more particularly described in Schedule A attached hereto (the "***Unit 1 Property***").

4.     By a certain Mortgage dated August 9, 2021 (the "***$8,400,000 Mortgage***"), to secure their obligations under the $8,400,000 Guaranty, 392 Davis, Jill and Michael mortgaged the Unit 1 Property to Plaintiff.

5.      The $8,400,000 Mortgage was recorded on August 18, 2021, in Volume 7955 at Page 203 of the Greenwich Land Records.

6.      The $8,400,000 Mortgage is conditioned on the payment of the $8,400,000 Note and the $8,400,000 Guaranty according to their tenor, and the performance of certain other covenants and conditions contained in the $8,400,000 Mortgage. A true and correct copy of the $8,400,000 Mortgage will be filed as Exhibit A and a copy thereof will be served on appearing parties in accordance with Practice Book § 10-29.

7.      The $8,400,000 Mortgage provides that the borrower thereunder is required to pay the costs and expenses incurred by Plaintiff in foreclosing the $8,400,000 Mortgage, including, without limitation, reasonable attorney's fees.

8.      The $8,400,000 Note, the $8,400,000 Guaranty, and the $8,400,000 Mortgage (collectively, the "*$8,400,000 Loan Documents*") are in default for failure to make payments when due, as a result of which Plaintiff has declared the entire outstanding balance of principal, interest, and other fees and charges to be immediately due and payable.

9.      Plaintiff is the owner and holder of the $8,400,000 Loan Documents and is entitled to enforce the same.

10.     As of the date hereof, there is due and owing principal, interest, late charges, and fees and expenses pursuant to the terms of the $8,400,000 Loan Documents.

11.     The following encumbrances of record upon the Unit 1 Property are prior in right to the $8,400,000 Mortgage and are not affected by this action:

        a.      Any taxes due to the Town of Greenwich that remain outstanding and perfected as of the date hereof pursuant to applicable law;

2

b. Any unpaid sewer and water charges; and

c. Assignment of Leases, Rents and Profits in favor of TODA Capital, LLC dated March 18, 2015, and recorded in Volume 6866 at Page 114 of the Greenwich Land Records.

12. The following encumbrances of record upon the Unit 1 Property are subsequent in right and subordinate to the $8,400,000 Mortgage and are sought to be foreclosed out in this action:

a. A mortgage from 392 Davis Avenue Associates, LLC to defendant SAMR Consulting, Inc. in the principal amount of $1,750,000 dated September 27, 2019 and recorded in Volume 8074 at Page 140 of the Greenwich Land Records.

b. A mortgage from Jill to defendant MERS in the principal amount of $1,590,000 dated March 14, 2022 and recorded in Volume 8076 at Page 206 of the Greenwich Land Records, and re-recorded in Volume 8091 at Page 24 of the Greenwich Land Records.

c. A mortgage from 392 Davis, Jill and Michael to defendant The Galinn Fund, LLC in the principal amount of $9,650,000 dated May 23, 2022 and recorded in Volume 8114 at Page 257 of the Greenwich Land Records.

d. A mortgage from Jill and Michael to defendant The Galinn Fund, LLC in the principal amount of $11,250,000 dated February 7, 2023 and recorded in Volume 8194 at Page 312 of the Greenwich Land Records.

13. Upon information and belief, Jill is the owner of record and in possession of the Unit 1 Property.

3

**SECOND COUNT** (**Foreclosure of $9,650,000 Mortgage on 1 Home Place, Unit 1, Greenwich, Connecticut**)

1.       On or about May 23, 2022, defendant The Complex at Port Chester, LLC ("*Maker*") became indebted to plaintiff, The Galinn Fund LLC ("*Plaintiff*"), in the principal amount of $9,650,000 as evidenced by that certain promissory note of even date (the "*$9,650,000 Note*"), with interest and other charges thereon as provided therein.

2.       Also on or about May 23, 2022, defendants 392 Davis Avenue Associates, LLC ("*392 Davis*"), Jill Caridi ("*Jill*"), and Michael Caridi ("*Micheal*") executed guaranty agreements (collectively, the "*$9,650,000 Guaranty*") pursuant to which they guaranteed to Plaintiff the payment and performance of Maker's obligations under the $9,650,000 Note.

3.       On or about May 23, 2022, Jill was the owner of a certain piece or parcel of land with the improvements thereon situated in the Town of Greenwich, Connecticut, commonly known as 1 Home Place, Unit 1, and more particularly described in Schedule A attached hereto (the "*Unit 1 Property*").

4.       By a certain Mortgage dated May 23, 2022 (the "*$9,650,000 Mortgage*"), to secure their obligations under the $9,650,000 Guaranty, 392 Davis, Jill and Michael mortgaged the Unit 1 Property to Plaintiff.

5.       The $9,650,000 Mortgage was recorded on June 1, 2022, in Volume 8114 at Page 257 of the Greenwich Land Records.

6.       The $9,650,000 Mortgage is conditioned on the payment of the $9,650,000 Note and the $9,650,000 Guaranty according to their tenor, and the performance of certain other covenants and conditions contained in the $9,650,000 Mortgage. A true and correct copy of the

$9,650,000 Mortgage will be filed as <u>Exhibit B</u> and a copy thereof will be served on appearing parties in accordance with Practice Book § 10-29.

7.     The $9,650,000 Mortgage provides that the borrower thereunder is required to pay the costs and expenses incurred by Plaintiff in foreclosing the $9,650,000 Mortgage, including, without limitation, reasonable attorney's fees.

8.     The $9,650,000 Note, the $9,650,000 Guaranty, and the $9,650,000 Mortgage (collectively, the "***$9,650,000 Loan Documents***") are in default for failure to make payments when due, as a result of which Plaintiff has declared the entire outstanding balance of principal, interest, and other fees and charges to be immediately due and payable.

9.     Plaintiff is the owner and holder of the $9,650,000 Loan Documents and is entitled to enforce the same.

10.     As of the date hereof, there is due and owing principal, interest, late charges, and fees and expenses pursuant to the terms of the $9,650,000 Loan Documents.

11.     The following encumbrances of record upon the Unit 1 Property are prior in right to the $9,650,000 Mortgage and are not affected by this action:

    a.     Any taxes due to the Town of Greenwich that remain outstanding and perfected as of the date hereof pursuant to applicable law;

    b.     Any unpaid sewer and water charges; and

    c.     Assignment of Leases, Rents and Profits in favor of TODA Capital, LLC dated March 18, 2015, and recorded in Volume 6866 at Page 114 of the Greenwich Land Records.

    d.     A mortgage from 392 Davis Avenue Associates, LLC, Jill and Michael

Caridi to The Galinn Fund, LLC in the principal amount of $8,400,000 dated August 9, 2021 and recorded in Volume 7955 at Page 203 of the Greenwich Land Records.

e.     A mortgage from 392 Davis Avenue Associates, LLC to SAMR Consulting, Inc. in the principal amount of $1,750,000 dated September 27, 2019 and recorded in Volume 8074 at Page 140 of the Greenwich Land Records

f.     A mortgage from Jill to MERS in the principal amount of $1,590,000 dated March 14, 2022 and recorded in Volume 8076 at Page 206 of the Greenwich Land Records, and re-recorded in Volume 8091 at Page 24 of the Greenwich Land Records.

12.     The following encumbrances of record upon the Unit 1 Property are subsequent in right and subordinate to the $9,650,000 Mortgage and are sought to be foreclosed out in this action:

a.     A mortgage from Jill and Michael to defendant The Galinn Fund, LLC in the principal amount of $11,250,000 dated February 7, 2023 and recorded in Volume 8194 at Page 312 of the Greenwich Land Records

13.     Upon information and belief, Jill is the owner of record and in possession of the Unit 1 Property.

**THIRD COUNT (Foreclosure of $11,250,000 Mortgage on 1 Home Place, Unit 1, Greenwich, Connecticut)**

1.     On or about February 7, 2023, defendant The Complex at Port Chester, LLC ("*Maker*") became indebted to plaintiff, The Galinn Fund LLC ("*Plaintiff*"), in the principal amount of $11,250,000 as evidenced by that certain promissory note of even date (the "*$11,250,000 Note*"), with interest and other charges thereon as provided therein.

6

2.     Also on or about February 7, 2023, defendants 392 Davis Avenue Associates, LLC ("*392 Davis*"), Jill Caridi ("*Jill*"), and Michael Caridi ("*Micheal*") executed guaranty agreements (collectively, the "*$11,250,000 Guaranty*") pursuant to which they guaranteed to Plaintiff the payment and performance of Maker's obligations under the $11,250,000 Note.

3.     On or about February 7, 2023, Jill was the owner of a certain piece or parcel of land with the improvements thereon situated in the Town of Greenwich, Connecticut, commonly known as 1 Home Place, Unit 1, and more particularly described in <u>Schedule A</u> attached hereto (the "*Unit 1 Property*").

4.     By a certain Mortgage dated February 7, 2023 (the "*$11,250,000 Mortgage*"), to secure their obligations under the $11,250,000 Guaranty, 392 Davis, Jill and Michael mortgaged the Unit 1 Property to Plaintiff.

5.     The $11,250,000 Mortgage was recorded on February 15, 2023, in Volume 8194 at Page 312 of the Greenwich Land Records.

6.     The $11,250,000 Mortgage is conditioned on the payment of the $11,250,000 Note and the $11,250,000 Guaranty according to their tenor, and the performance of certain other covenants and conditions contained in the $11,250,000 Mortgage. A true and correct copy of the $11,250,000 Mortgage will be filed as <u>Exhibit C</u> and a copy thereof will be served on appearing parties in accordance with Practice Book § 10-29.

7.     The $11,250,000 Mortgage provides that the borrower thereunder is required to pay the costs and expenses incurred by Plaintiff in foreclosing the $11,250,000 Mortgage, including, without limitation, reasonable attorney's fees.

8.    The $11,250,000 Note, the $11,250,000 Guaranty, and the $11,250,000 Mortgage (collectively, the "***$11,250,000 Loan Documents***") are in default for failure to make payments when due, as a result of which Plaintiff has declared the entire outstanding balance of principal, interest, and other fees and charges to be immediately due and payable.

9.    Plaintiff is the owner and holder of the $11,250,000 Loan Documents and is entitled to enforce the same.

10.    As of the date hereof, there is due and owing principal, interest, late charges, and fees and expenses pursuant to the terms of the $11,250,000 Loan Documents.

11.    The following encumbrances of record upon the Unit 1 Property are prior in right to the $11,250,000 Mortgage and are not affected by this action:

a.    Any taxes due to the Town of Greenwich that remain outstanding and perfected as of the date hereof pursuant to applicable law;

b.    Any unpaid sewer and water charges; and

c.    Assignment of Leases, Rents and Profits in favor of TODA Capital, LLC dated March 18, 2015, and recorded in Volume 6866 at Page 114 of the Greenwich Land Records.

d.    A mortgage from 392 Davis Avenue Associates, LLC, Jill and Michael Caridi to The Galinn Fund, LLC in the principal amount of $8,400,000 dated August 9, 2021 and recored in Volume 7955 at Page 203 of the Greenwich Land Records.

e.    A mortgage from 392 Davis Avenue Associates, LLC to SAMR Consulting, Inc. in the principal amount of $1,750,000 dated September 27, 2019 and recorded in Volume 8074 at Page 140 of the Greenwich Land Records

8

      f.      A mortgage from Jill to MERS in the principal amount of $1,590,000 dated March 14, 2022 and recorded in Volume 8076 at Page 206 of the Greenwich Land Records, and re-recorded in Volume 8091 at Page 24 of the Greenwich Land Records.

      g.      A mortgage from Jill and Michael Caridi to The Galinn Fund, LLC in the principal amount of $9,650,000 dated May 23, 2022 and recorded in Volume 8114 at Page 257 of the Greenwich Land Records

12.      There are no encumbrances of record upon the Unit 1 Property that are subsequent in right and subordinate to the $11,250,000 Mortgage.

13.      Upon information and belief, Jill is the owner of record and in possession of the Unit 1 Property.

**FOURTH COUNT** **(Foreclosure of $8,400,000 Mortgage on 1 Home Place, Unit 2, Greenwich, Connecticut)**

1-2.      Paragraphs 1 and 2 of the First Count are incorporated herein as Paragraphs 1 and 2 of this Fourth Count as if fully set forth herein.

3.      On or about August 9, 2021, Jill and Michael were the owners of a certain piece or parcel of land with the improvements thereon situated in the Town of Greenwich, Connecticut, commonly known as 1 Home Place, Unit 2, and more particularly described in Schedule B attached hereto (the "***Unit 2 Property***").

4.      By a certain Mortgage dated August 9, 2021 (the "***$8,400,000 Mortgage***"), to secure their obligations under the $8,400,000 Guaranty, 392 Davis, Jill and Michael mortgaged the Unit 2 Property to Plaintiff.

9

5-10.    Paragraphs 5 through 10 of the First Count are incorporated herein as Paragraphs 5 through 10 of this Fourth Count as if fully set forth herein.

11.    The following encumbrances of record upon the Unit 2 Property are prior in right to the $8,400,000 Mortgage and are not affected by this action:

      a.    Any taxes due to the Town of Greenwich that remain outstanding and perfected as of the date hereof pursuant to applicable law;

      b.    Any unpaid sewer and water charges; and

      c.    Assignment of Leases, Rents and Profits in favor of TODA Capital, LLC dated March 18, 2015, and recorded in Volume 6866 at Page 114 of the Greenwich Land Records.

      d.    A mortgage from Jill to MERS in the principal amount of $1,523,500 dated June 12, 2020 and recorded in Volume 7684 at Page 83 of the Greenwich Land Records.

12.    The following encumbrances of record upon the Unit 2 Property are subsequent in right and subordinate to the $8,400,000 Mortgage and are sought to be foreclosed out in this action:

      a.    A mortgage from 392 Davis Avenue Associates, LLC to defendant SAMR Consulting, Inc. in the principal amount of $1,750,000 dated September 27, 2019 and recorded in Volume 8074 at Page 140 of the Greenwich Land Records.

      b.    A mortgage from 392 Davis, Jill and Michael to defendant The Galinn Fund, LLC in the principal amount of $9,650,000 dated May 23, 2022 and recorded in Volume 8114 at Page 257 of the Greenwich Land Records.

       c.      A mortgage from Jill and Michael to defendant The Galinn Fund, LLC in the principal amount of $11,250,000 dated February 7, 2023 and recorded in Volume 8194 at Page 312 of the Greenwich Land Records.

13.      Upon information and belief, Jill is the owner of record and in possession of the Unit 2 Property.

**FIFTH COUNT (Foreclosure of $9,650,000 Mortgage on 1 Home Place, Unit 2, Greenwich, Connecticut)**

1-2.      Paragraphs 1 and 2 of the Second Count are incorporated herein as Paragraphs 1 and 2 of this Fifth Count as if fully set forth herein.

3.      On or about May 23, 2022, Jill was the owner of a certain piece or parcel of land with the improvements thereon situated in the Town of Greenwich, Connecticut, commonly known as 1 Home Place, Unit 2, and more particularly described in Schedule B attached hereto (the "*Unit 2 Property*").

4.      By a certain Mortgage dated May 23, 2022 (the "*$9,650,000 Mortgage*"), to secure their obligations under the $9,650,000 Guaranty, 392 Davis, Jill and Michael mortgaged the Unit 2 Property to Plaintiff.

5-10.      Paragraphs 5 through 10 of the Second Count are incorporated herein as Paragraphs 5 through 10 of this Fifth Count as if fully set forth herein.

11.      The following encumbrances of record upon the Unit 2 Property are prior in right to the $9,650,000 Mortgage and are not affected by this action:

       a.      Any taxes due to the Town of Greenwich that remain outstanding and perfected as of the date hereof pursuant to applicable law;

11

b.      Any unpaid sewer and water charges; and

c.      Assignment of Leases, Rents and Profits in favor of TODA Capital, LLC dated March 18, 2015, and recorded in Volume 6866 at Page 114 of the Greenwich Land Records.

d.      A mortgage from Jill and Michael Caridi to MERS in the principal amount of $1,523,500 dated June 12, 2020 and recorded in Volume 7684 at Page 83 of the Greenwich Land Records.

e.      A mortgage from 392 Davis Avenue Associates, LLC, Jill and Michael Caridi to The Galinn Fund, LLC in the principal amount of $8,400,000 dated August 9, 2021 and recorded in Volume 7955 at Page 203 of the Greenwich Land Records.

f.      A mortgage from 392 Davis Avenue Associates, LLC to SAMR Consulting, Inc. in the principal amount of $1,750,000 dated September 27, 2019 and recorded in Volume 8074 at Page 140 of the Greenwich Land Records.

12.      The following encumbrances of record upon the Unit 2 Property are subsequent in right and subordinate to the $9,650,000 Mortgage and are sought to be foreclosed out in this action:

a.      A mortgage from Jill and Michael to defendant The Galinn Fund, LLC in the principal amount of $11,250,000 dated February 7, 2023 and recorded in Volume 8194 at Page 312 of the Greenwich Land Records.

13.      Upon information and belief, Jill is the owner of record and in possession of the Unit 2 Property.

12

**SIXTH COUNT** (Foreclosure of $11,250,000 Mortgage on 1 Home Place, Unit 2, Greenwich, Connecticut)

1-2.   Paragraphs 1 and 2 of the Third Count are incorporated herein as Paragraphs 1 and 2 of this Sixth Count as if fully set forth herein.

3.   On or about February 7, 2023, Jill was the owner of a certain piece or parcel of land with the improvements thereon situated in the Town of Greenwich, Connecticut, commonly known as 1 Home Place, Unit 2, and more particularly described in <u>Schedule B</u> attached hereto (the "***Unit 2 Property***").

4.   By a certain Mortgage dated February 7, 2023 (the "***$11,250,000 Mortgage***"), to secure their obligations under the $11,250,000 Guaranty, 392 Davis, Jill and Michael mortgaged the Unit 2 Property to Plaintiff.

5-10.   Paragraphs 5 through 10 of the Third Count are incorporated herein as Paragraphs 5 through 10 of this Sixth Count as if fully set forth herein.

11.   The following encumbrances of record upon the Unit 2 Property are prior in right to the $11,250,000 Mortgage and are not affected by this action:

a.   Any taxes due to the Town of Greenwich that remain outstanding and perfected as of the date hereof pursuant to applicable law;

b.   Any unpaid sewer and water charges; and

c.   Assignment of Leases, Rents and Profits in favor of TODA Capital, LLC dated March 18, 2015, and recorded in Volume 6866 at Page 114 of the Greenwich Land Records.

d.      A mortgage from Jill and Michael Caridi to MERS in the principal amount of $1,523,500 dated June 12, 2020 and recorded in Volume 7684 at Page 83 of the Greenwich Land Records.

e.      A mortgage from 392 Davis Avenue Associates, LLC, Jill and Michael Caridi to The Galinn Fund, LLC in the principal amount of $8,400,000 dated August 9, 2021 and recorded in Volume 7955 at Page 203 of the Greenwich Land Records.

f.      A mortgage from 392 Davis Avenue Associates, LLC to SAMR Consulting, Inc. in the principal amount of $1,750,000 dated September 27, 2019 and recorded in Volume 8074 at Page 140 of the Greenwich Land Records.

g.      A mortgage from 392 Davis Avenue Associates, LLC, Jill and Michael Caridi to The Galinn Fund, LLC in the principal amount of $9,650,000 dated May 2022 and recorded in Volume 8114 at Page 257 of the Greenwich Land Records

12.     There are no encumbrances of record upon the Unit 2 Property that are subsequent in right and subordinate to the $11,250,000 Mortgage.

13.     Upon information and belief, Jill is the owner of record and in possession of the Unit 2 Property.

**SEVENTH COUNT (Foreclosure of $4,000,000 Mortgage on 32 Cutler Road, Greenwich, Connecticut)**

1.      On or about November 20, 2015, defendants 392 Davis Avenue Associates, LLC ("*392 Davis*"), and Jill Caridi ("*Jill*"), became indebted to plaintiff, The Galinn Fund LLC ("*Plaintiff*"), in the principal amount of $4,000,000 as evidenced by their promissory notes and/or guaranty agreements of even date (collectively, the "*$4,000,000 Debt Instrument*"), with interest

and other charges thereon as provided therein.

2.     At the time she executed the $4,000,000 Debt Instrument, Jill was the owner of a certain piece or parcel of land with the improvements thereon situated in the Town of Greenwich, Connecticut, commonly known as 32 Cutler Road, and more particularly described in <u>Schedule C</u> attached hereto (the "***32 Cutler Property***").

3.     By a certain Mortgage dated November 20, 2015 ("***$4,000,000 Mortgage***"), to secure the repayment of the debt evidenced by the $4,000,000 Debt Instrument, 392 Davis and Jill mortgaged the 32 Cutler Property to Plaintiff.

4.     The $4,000,000 Mortgage was recorded on December 14, 2015, in Volume 6998 at Page 145 of the Greenwich Land Records.

5.     The $4,000,00 Mortgage was modified by an instrument recorded on August 23, 2016 in Volume 7116 at Page 262, further modified by a partial release recorded on August 23, 2016 in Volume 7116 at Page 267 (as to Unit 3 of The Homes at Whispering Pond Condominium), further modified by an instrument dated November, 2016 and recorded in Volume 7169 at Page 44, further modified by an instrument dated May 30, 2017 and recorded in Volume 7255 at Page 255, further modified by an instrument dated November 28, 2017 and recorded in Volume 7326 at Page 131, further modified by a partial release of mortgage dated April 27, 2018 and recorded in Volume 7382 at Page 174 (as to Unit 2 of The Homes at Whispering Pond), and further modified by a partial release of mortgage dated June 7, 2018 and recorded in Volume 7399 at Page 290, all of the Greenwich Land Records.

6.     The $4,000,000 Mortgage is conditioned on the payment of the $4,000,000 Debt Instrument according to its tenor, and the performance of certain other covenants and conditions

contained in the $4,000,000 Mortgage. A true and correct copy of the $4,000,000 Mortgage will be filed as Exhibit D and a copy thereof will be served on appearing parties in accordance with Practice Book § 10-29.

7.      The $4,000,000 Mortgage provides that the borrower thereunder is required to pay the costs and expenses incurred by Plaintiff in foreclosing the $4,000,000 Mortgage, including, without limitation, reasonable attorney's fees.

8.      As further security for the repayment of the $4,000,000 Debt Instrument, 392 Davis executed an Assignment of Leases and Rents in favor of Plaintiff dated November 20, 2015 and recorded in Volume 6998 at Page 182 of the Greenwich Land Records, as modified by a partial release of assignment of leases and rents dated April 27, 2018 and recorded in Volume 7382 at Page 171 (as to Unit 2 of The Homes at Whispering Pond), further modified by a partial release of assignment of leases and rents dated June 7, 2018 and recorded in Volume 7399 at Page 292 (as to Unit 1 of The Homes at Whispering Pond), all of the Greenwich Land Records.

9.      As further security for the repayment of the $4,000,000 Debt Instrument, Jill executed an Assignment of Leases and Rents in favor of Plaintiff dated November 20, 2015 and recorded in Volume 6998 at Page 194 of the Greenwich Land Records.

10.     The $4,000,000 Debt Instrument and the $4,000,000 Mortgage are in default for failure of 392 Davis and Jill to make payments when due, as a result of which Plaintiff has declared the entire outstanding balance of principal, interest, and other fees and charges to be immediately due and payable.

11.     Plaintiff is the owner and holder of the $4,000,000 Debt Instrument Note and the $4,000,000 Mortgage and is entitled to enforce the same.

16

12.     As of the date hereof, there is due and owing principal, interest, late charges, and fees and expenses pursuant to the terms of the $4,000,000 Debt Instrument and the $4,000,000 Mortgage.

13.     The following encumbrances of record upon the 32 Cutler Property are prior in right to the $4,000,000 Mortgage and are not affected by this action:

a.     Any taxes due to the Town of Greenwich that remain outstanding and perfected as of the date hereof pursuant to applicable law;

b.     Any unpaid sewer and water charges;

c.     Mortgage from Michael Caridi to Intercounty Mortgage, Inc. in the amount of $464,000 dated October 21, 1996 and recorded in Volume 2845 at Page 184, as assigned by assignment to Resource Bancshares Mortgage Group, Inc. dated October 21, 1996 and recorded in Volume 2845 at Page 194, further assigned by assignment to Astoria Federal Savings and Loan Association dated October 31, 1997 and recorded in Volume 2993 at Page 153, all of the Greenwich Land Records;

d.     Mortgage from Michael Caridi and Jill to CFS Bank in the amount of $865,000 dated March 15, 1999 and recorded in Volume 3244 at Page 272, modified by an instrument dated September 29, 2023 and recorded in Volume 8270 at Page 41, as assigned by assignment to Community Loan Servicing, LLC dated February 4, 2023 and recorded in Volume 8288 at Page 200, further assigned by assignment to Nationstar Mortgage LLC dated December 19, 2023 and recorded in Volume 8288 at Page 201, all of the Greenwich Land Records, subject to an assignment of mortgage from CFS Bank to Community Loan Servicing, LLC dated September 25, 2023 and recorded in Volume 8296 at Page 163 of the

17

Greenwich Land Records, further assigned by assignment to Bayview Dispositions VI, LLC dated February 19, 2024 and recorded in Volume 8306 at Page 350, further assigned by assignment to Goldman Sachs Mortgage Company dated February 19, 2024 and recorded in Volume 8307 at Page 1, as further assigned to MCLP Asset Company, Inc., dated March 13, 2024 and recorded in Volume 8307 at Page 2, all of the Greenwich Land Records;

e.      Collateral Assignment of Rents and Leases from Michael Caridi and Jill to Hudson Valley Bank dated June 13, 2000 and recorded in Volume 3432 at Page 299 of the Greenwich Land Records; and

f.      Certificate of Attachment in favor of Travelers Casualty and Surety Company of America against Michael Caridi and Jill in the amount of $1,272,630.95 dated June 8, 2012 and recorded in Volume 6358 at Page 215 of the Greenwich Land Records.

14.    The following encumbrances of record upon the 32 Cutler Property are subsequent in right and subordinate to the $4,000,000 Mortgage and are sought to be foreclosed out in this action:

a.      Mortgage from 392 Davis, Michael and Jill to defendant The Galinn Fund, LLC in the amount of $250,000 dated February 17, 2017 and recorded in Volume 7224 at Page 145, as modified by an instrument dated May 30, 2017 and recorded in Volume 7255 at Page 249, further modified by a partial release of mortgage dated April 27, 2018 and recorded in Volume 7382 at Page 165 (as to Unit 2 of The Homes at Whispering Pond), further modified by a partial release of mortgage dated June 7, 2018 and recorded in Volume 7399 at Page 296 (as to Unit 1 of The Homes at Whispering Pond), further

18

modified by a partial release of mortgage dated June 7, 2018 and recorded in Volume 7399 at Page 304 (as to Unit 1 of The Homes at Whispering Pond), all of the Greenwich Land Records.

      b.    Mortgage from Jill to defendant The Galinn Fund, LLC in the amount of $1,000,000 dated September 12, 2020 and recorded in Volume 7737 at Page 326 of the Greenwich Land Records.

      c.    Mortgage from 392 Davis Avenue Associates, LLC, Jill and Michael Caridi to defendant The Galinn Fund, LLC in the amount of $8,400,000 dated August 9, 2021 and recorded in Volume 7955 at Page 203 of the Greenwich Land Records.

      d.    Mortgage from 392 Davis Avenue Associates, LLC, Jill and Michael Caridi to defendant The Galinn Fund, LLC in the amount of $ 9,650,000 dated May 23, 2022 and recorded in Volume 8114 at Page 257 of the Greenwich Land Records.

      e.    Mortgage from Jill to defendant SAMR Consulting, Inc. in the amount of $1,750,000 dated September 27, 2019 and recorded in Volume 8074 at Page 164, modified by a subordination agreement dated May, 2022 and recorded in Volume 8114 at Page 294, both of the Greenwich Land Records.

16.    Upon information and belief, Jill is the owner of record and in possession of the 32 Cutler Property.

**EIGHTH COUNT** **(Foreclosure of $250,000 Mortgage on 32 Cutler Road, Greenwich, Connecticut)**

1.    On or about February 17, 2017, defendants 392 Davis Avenue Associates, LLC ("*392 Davis*"), Michael Caridi ("*Michael*"), and Jill Caridi ("*Jill*"), became indebted to plaintiff,

The Galinn Fund LLC ("*Plaintiff*"), in the principal amount of $250,000 as evidenced by their promissory notes and/or guaranty agreements of even date (collectively, the "*$250,000 Debt Instrument*"), with interest and other charges thereon as provided therein.

2.      At the time she executed the $250,000 Debt Instrument, Jill was the owner of a certain piece or parcel of land with the improvements thereon situated in the Town of Greenwich, Connecticut, commonly known as 32 Cutler Road, and more particularly described in Schedule C attached hereto (the "*32 Cutler Property*").

3.      By a certain Mortgage dated February 17, 2017 ("*$250,000 Mortgage*"), to secure the repayment of the debt evidenced by the $250,000 Debt Instrument, 392 Davis, Michael and Jill mortgaged the 32 Cutler Property to Plaintiff.

4.      The $250,000 Mortgage was recorded on March 31, 2017, in Volume 7224 at Page 145, as modified by an instrument dated May 30, 2017 and recorded in Volume 7255 at Page 249, further modified by a partial release of mortgage dated April 27, 2018 and recorded in Volume 7382 at Page 165 (as to Unit 2 of The Homes at Whispering Pond), further modified by a partial release of mortgage dated June 7, 2018 and recorded in Volume 7399 at Page 296 (as to Unit 1 of The Homes at Whispering Pond), further modified by a partial release of mortgage dated June 7, 2018 and recorded in Volume 7399 at Page 304 (as to Unit 1 of The Homes at Whispering Pond), all of the Greenwich Land Records.

5.      The $250,000 Mortgage is conditioned on the payment of the $250,000 Debt Instrument Note according to its tenor, and the performance of certain other covenants and conditions contained in the $250,000 Mortgage. A true and correct copy of the $250,000 Mortgage

20

will be filed as <u>Exhibit E</u> and a copy thereof will be served on appearing parties in accordance with Practice Book § 10-29.

6.     The $250,000 Mortgage provides that the borrower thereunder is required to pay the costs and expenses incurred by Plaintiff in foreclosing the $250,000 Mortgage, including, without limitation, reasonable attorney's fees.

7.     The $250,000 Debt Instrument and $250,000 Mortgage are in default for failure of 392 Davis, Michael and Jill to make payments when due, as a result of which Plaintiff has declared the entire outstanding balance of principal, interest, and other fees and charges to be immediately due and payable.

8.     Plaintiff is the owner and holder of the $250,000 Debt Instrument and the $250,000 Mortgage and is entitled to enforce the same.

9.     As of the date hereof, there is due and owing principal, interest, late charges, and fees and expenses pursuant to the terms of the $250,000 Debt Instrument and $250,000 Mortgage.

10.     The following encumbrances of record upon the 32 Cutler Property are prior in right to the $250,000 Mortgage and are not affected by this action:

a.     Any taxes due to the Town of Greenwich that remain outstanding and perfected as of the date hereof pursuant to applicable law;

b.     Any unpaid sewer and water charges;

c.     Mortgage from Michael Caridi to Intercounty Mortgage, Inc. in the amount of $464,000.00 dated October 21, 1996 and recorded in Volume 2845 at Page 184, as assigned by assignment to Resource Bancshares Mortgage Group, Inc. dated October 21, 1996 and recorded in Volume 2845 at Page 194, further assigned by assignment to Astoria

Federal Savings and Loan Association dated October 31, 1997 and recorded in Volume 2993 at Page 153, all of the Greenwich Land Records;

      d.      Mortgage from Michael Caridi and Jill Caridi to CFS Bank in the amount of $865,000.00 dated March 15, 1999 and recorded in Volume 3244 at Page 272, modified by an instrument dated September 29, 2023 and recorded in Volume 8270 at Page 41, as assigned by assignment to Community Loan Servicing, LLC dated February 4, 2023 and recorded in Volume 8288 at Page 200, further assigned by assignment to Nationstar Mortgage LLC dated December 19, 2023 and recorded in Volume 8288 at Page 201, all of the Greenwich Land Records, subject to an assignment of mortgage from CFS Bank to Community Loan Servicing, LLC dated September 25, 2023 and recorded in Volume 8296 at Page 163 of the Greenwich Land Records, further assigned by assignment to Bayview Dispositions VI, LLC dated February 19, 2024 and recorded in Volume 8306 at Page 350, further assigned by assignment to Goldman Sachs Mortgage Company dated February 19, 2024 and recorded in Volume 8307 at Page 1, as assigned by assignment to MCLP Asset Company, Inc., dated March 13, 2024 and recorded in Volume 8307 at Page 2, all of the Greenwich Land Records;

      e.      Collateral Assignment of Rents and Leases from Michael Caridi and Jill Caridi to Hudson Valley Bank dated June 13, 2000 and recorded in Volume 3432 at Page 299 of the Greenwich Land Records; and

      f.      Certificate of Attachment in favor of Travelers Casualty and Surety Company of America against Michael Caridi and Jill Caridi in the amount of $1,272,630.95 dated June 8, 2012 and recorded in Volume 6358 at Page 215 of the Greenwich Land

Records.

g.      Mortgage from 392 Davis, Michael Caridi and Jill Caridi to The Galinn Fund, LLC in the original amount of $4,000,000 recorded in Volume 6998 at Page 145 of the Greenwich Land Records. The $4,000,000 Mortgage was modified by an instrument recorded on August 23, 2016 in Volume 7116 at Page 262, further modified by a partial release recorded on August 23, 2016 in Volume 7116 at Page 267 (as to Unit 3 of The Homes at Whispering Pond Condominium), further modified by an instrument dated November, 2016 and recorded in Volume 7169 at Page 44, further modified by an instrument dated May 30, 2017 and recorded in Volume 7255 at Page 255, further modified by an instrument dated November 28, 2017 and recorded in Volume 7326 at Page 131, further modified by a partial release of mortgage dated April 27, 2018 and recorded in Volume 7382 at Page 174 (as to Unit 2 of The Homes at Whispering Pond), and further modified by a partial release of mortgage dated June 7, 2018 and recorded in Volume 7399 at Page 290, all of the Greenwich Land Records.

h.      Assignment of Leases and Rents from 392 Davis Avenue Associates, LLC to The Galinn Fund, LLC dated November 20, 2015 and recorded in Volume 6998 at Page 182, as modified by a partial release of assignment of leases and rents dated April 27, 2018 and recorded in Volume 7382 at Page 171 (as to Unit 2 of The Homes at Whispering Pond), further modified by a partial release of assignment of leases and rents dated June 7, 2018 and recorded in Volume 7399 at Page 292 (as to Unit 1 of The Homes at Whispering Pond), all of the Greenwich Land Records.

i.      Assignment of Leases and Rents from Jill Caridi to The Galinn Fund, LLC

23

dated November 20, 2015 and recorded in Volume 6998 at Page 194 of the Greenwich Land Records.

11.    The following encumbrances of record upon 32 Cutler Property are subsequent in right and subordinate to the $250,000 Mortgage and are sought to be foreclosed out in this action:

a.    Mortgage from Jill Caridi to defendant The Galinn Fund, LLC in the amount of $1,000,000.00 dated September 12, 2020 and recorded in Volume 7737 at Page 326 of the Greenwich Land Records.

b.    Mortgage from 392 Davis Avenue Associates, LLC, Jill Caridi and Michael Caridi to defendant The Galinn Fund, LLC in the amount of $8,400,000.00 dated August 9, 2021 and recorded in Volume 7955 at Page 203 of the Greenwich Land Records.

c.    Mortgage from 392 Davis Avenue Associates, LLC, Jill Caridi and Michael Caridi to defendant The Galinn Fund, LLC in the amount of $ 9,650,000.00 dated May 23, 2022 and recorded in Volume 8114 at Page 257 of the Greenwich Land Records

d.    Mortgage from Jill Caridi to defendant SAMR Consulting, Inc. in the amount of $1,750,000.00 dated September 27, 2019 and recorded in Volume 8074 at Page 164, modified by a subordination agreement dated May, 2022 and recorded in Volume 8114 at Page 294, both of the Greenwich Land Records.

e.    A mortgage from Jill Caridi and Michael Caridi to defendant The Galinn Fund, LLC in the principal amount of $11,250,000 dated February 7, 2023 and recorded in Volume 8194 at Page 312 of the Greenwich Land Records.

16.    Upon information and belief, Jill Caridi is the owner of record and in possession of the 32 Cutler Property.

24

**NINTH COUNT (Foreclosure of $1,000,000 Mortgage on 32 Cutler Road, Greenwich, Connecticut)**

1.      On or about September 12, 2020, defendant Jill Caridi ("*Jill*"), became indebted to plaintiff, The Galinn Fund LLC ("*Plaintiff*"), in the principal amount of $1,000,000 as evidenced by her promissory note and/or guaranty agreement of even date (the "*$1,000,000 Debt Instrument*"), with interest and other charges thereon as provided therein.

2.      At the time she executed the $1,000,000 Debt Instrument, Jill was the owner of a certain piece or parcel of land with the improvements thereon situated in the Town of Greenwich, Connecticut, commonly known as 32 Cutler Road, and more particularly described in Schedule C attached hereto (the "*32 Cutler Property*").

3.      By a certain Mortgage dated September 12, 2020 ("*$1,000,000 Mortgage*"), to secure the repayment of the debt evidenced by the $1,000,000 Debt Instrument, Jill mortgaged the 32 Cutler Property to Plaintiff.'

4.      The $1,000,000 Mortgage was recorded on September 15, 2020, in Volume 7737 at Page 326 of the Greenwich Land Records

5.      The $1,000,000 Mortgage is conditioned on the payment of the $1,000,000 Debt Instrument according to its tenor, and the performance of certain other covenants and conditions contained in the $1,000,000 Mortgage. A true and correct copy of the $1,000,000 Mortgage will be filed as Exhibit F and a copy thereof will be served on appearing parties in accordance with Practice Book § 10-29.

6.      The $1,000,000 Mortgage provides that the borrower thereunder is required to pay the costs and expenses incurred by Plaintiff in foreclosing the $1,000,000 Mortgage, including, without limitation, reasonable attorney's fees.

7.      The $1,000,000 Debt Instrument Note and $1,000,000 Mortgage are in default for failure of Jill to make payments when due, as a result of which Plaintiff has declared the entire outstanding balance of principal, interest, and other fees and charges to be immediately due and payable.

8.      Plaintiff is the owner and holder of the $1,000,000 Debt Instrument and the $1,000,000 Mortgage and is entitled to enforce the same.

9.      As of the date hereof, there is due and owing principal, interest, late charges, and fees and expenses pursuant to the terms of the $1,000,000 Debt Instrument and $1,000,000 Mortgage.

10.     The following encumbrances of record upon the 32 Cutler Property are prior in right to the $1,000,000 Mortgage and are not affected by this action:

      a.      Any taxes due to the Town of Greenwich that remain outstanding and perfected as of the date hereof pursuant to applicable law;

      b.      Any unpaid sewer and water charges;

      c.      Mortgage from Michael Caridi to Intercounty Mortgage, Inc. in the amount of $464,000 dated October 21, 1996 and recorded in Volume 2845 at Page 184, as assigned by assignment to Resource Bancshares Mortgage Group, Inc. dated October 21, 1996 and recorded in Volume 2845 at Page 194, further assigned by assignment to Astoria Federal Savings and Loan Association dated October 31, 1997 and recorded in Volume 2993 at Page 153, all of the Greenwich Land Records;

      d.      Mortgage from Michael Caridi and Jill Caridi to CFS Bank in the amount of $865,000 dated March 15, 1999 and recorded in Volume 3244 at Page 272, modified by

26

an instrument dated September 29, 2023 and recorded in Volume 8270 at Page 41, as

assigned by assignment to Community Loan Servicing, LLC dated February 4, 2023 and

recorded in Volume 8288 at Page 200, further assigned by assignment to Nationstar

Mortgage LLC dated December 19, 2023 and recorded in Volume 8288 at Page 201, all of

the Greenwich Land Records, subject to an assignment of mortgage from CFS Bank to

Community Loan Servicing, LLC dated September 25, 2023 and recorded in Volume 8296

at Page 163 of the Greenwich Land Records, further assigned by assignment to Bayview

Dispositions VI, LLC dated February 19, 2024 and recorded in Volume 8306 at Page 350,

further assigned by assignment to Goldman Sachs Mortgage Company dated February 19,

2024 and recorded in Volume 8307 at Page 1, as assigned by assignment to MCLP Asset

Company, Inc., dated March 13, 2024 and recorded in Volume 8307 at Page 2, all of the

Greenwich Land Records;

       e.     Collateral Assignment of Rents and Leases from Michael Caridi and Jill

Caridi to Hudson Valley Bank dated June 13, 2000 and recorded in Volume 3432 at Page

299 of the Greenwich Land Records; and

       f.     Certificate of Attachment in favor of Travelers Casualty and Surity

Company of America against Michael Caridi and Jill Caridi in the amount of $1,272,630.95

dated June 8, 2012 and recorded in Volume 6358 at Page 215 of the Greenwich Land

Records.

       g.     Mortgage from 392 Davis, Michael Caridi and Jill Caridi to The Galinn

Fund, LLC in the original amount of $4,000,000 recorded in Volume 6998 at Page 145 of

the Greenwich Land Records. The $4,000,000 Mortgage was modified by an instrument

recorded on August 23, 2016 in Volume 7116 at Page 262, further modified by a partial

release recorded on August 23, 2016 in Volume 7116 at Page 267 (as to Unit 3 of The

Homes at Whispering Pond Condominium), further modified by an instrument dated

November, 2016 and recorded in Volume 7169 at Page 44, further modified by an

instrument dated May 30, 2017 and recorded in Volume 7255 at Page 255, further modified

by an instrument dated November 28, 2017 and recorded in Volume 7326 at Page 131,

further modified by a partial release of mortgage dated April 27, 2018 and recorded in

Volume 7382 at Page 174 (as to Unit 2 of The Homes at Whispering Pond), and further

modified by a partial release of mortgage dated June 7, 2018 and recorded in Volume 7399

at Page 290, all of the Greenwich Land Records.

h.    Assignment of Leases and Rents from 392 Avenue Associates, LLC to The

Galinn Fund, LLC dated November 20, 2015 and recorded in Volume 6998 at Page 182, as

modified by a partial release of assignment of leases and rents dated April 27, 2018 and

recorded in Volume 7382 at Page 171 (as to Unit 2 of The Homes at Whispering Pond),

further modified by a partial release of assignment of leases and rents dated June 7, 2018

and recorded in Volume 7399 at Page 292 (as to Unit 1 of The Homes at Whispering Pond),

all of the Greenwich Land Records.

i.    Assignment of Leases and Rents from Jill Caridi to The Galinn Fund, LLC

dated November 20, 2015 and recorded in Volume 6998 at Page 194 of the Greenwich

Land Records.

j.    A mortgage in the original amount of $250,000 from 392 Davis Avenue

Associates, LLC, Michael Caridi and Jill Caridi recorded in Volume 7224 at Page 145, as

modified by an instrument dated May 30, 2017 and recorded in Volume 7255 at Page 249, further modified by a partial release of mortgage dated April 27, 2018 and recorded in Volume 7382 at Page 165 (as to Unit 2 of The Homes at Whispering Pond), further modified by a partial release of mortgage dated June 7, 2018 and recorded in Volume 7399 at Page 296 (as to Unit 1 of The Homes at Whispering Pond), further modified by a partial release of mortgage dated June 7, 2018 and recorded in Volume 7399 at Page 304 (as to Unit 1 of The Homes at Whispering Pond), all of the Greenwich Land Records.

11.    The following encumbrances of record upon the 32 Cutler Property are subsequent in right and subordinate to the $1,000,000 Mortgage and are sought to be foreclosed out in this action:

    a.    Mortgage from 392 Davis Avenue Associates, LLC, Jill Caridi and Michael Caridi to defendant The Galinn Fund, LLC in the amount of $8,400,000 dated August 9, 2021 and recorded in Volume 7955 at Page 203 of the Greenwich Land Records.

    b.    Mortgage from 392 Davis Avenue Associates, LLC, Jill Caridi and Michael Caridi to defendant The Galinn Fund, LLC in the amount of $ 9,650,000.00 dated May 23, 2022 and recorded in Volume 8114 at Page 257 of the Greenwich Land Records

    c.    Mortgage from Jill Caridi to defendant SAMR Consulting, Inc. in the amount of $1,750,000 dated September 27, 2019 and recorded in Volume 8074 at Page 164, modified by a subordination agreement dated May, 2022 and recorded in Volume 8114 at Page 294, both of the Greenwich Land Records.

    d.    A mortgage from Jill Caridi and Michael Caridi to defendant The Galinn Fund, LLC in the principal amount of $11,250,000 dated February 7, 2023 and recorded in

29

Volume 8194 at Page 312 of the Greenwich Land Records.

12.     Upon information and belief, Jill Caridi is the owner of record and in possession of the 32 Cutler Property.

**TENTH COUNT (Foreclosure of $8,400,000 Mortgage on 32 Cutler Road, Greenwich, Connecticut)**

1.     On or about August 9, 2021, defendant The Complex at Port Chester, LLC ("Maker") became indebted to plaintiff, The Galinn Fund LLC ("*Plaintiff*"), in the principal amount of $8,400,000 as evidenced by that certain promissory note of even date (the "*$8,400,000 Note*"), with interest and other charges thereon as provided therein.

2.     Also on or about August 9, 2021, defendants 392 Davis Avenue Associates, LLC ("*392 Davis*"), Jill Caridi ("*Jill*"), and Michael Caridi ("*Micheal*") executed guaranty agreements (collectively, the "*$8,400,000 Guaranty*") pursuant to which they guaranteed to Plaintiff the payment and performance of Maker's obligations under the $8,400,000 Note.

3.     On or about August 9, 2021, Jill was the owner of a certain piece or parcel of land with the improvements thereon situated in the Town of Greenwich, Connecticut, commonly known as 32 Cutler Road, and more particularly described in Schedule C attached hereto (the "*32 Cutler Property*").

4.     By a certain Mortgage dated August 9, 2021 (the "*$8,400,000 Mortgage*"), to secure their obligations under the $8,400,000 Guaranty, 392 Davis, Jill mortgaged the 32 Cutler Property to Plaintiff.

5-10.   Paragraphs 5 through 10 of the First Count are incorporated herein as Paragraphs 5 through 10 of this Tenth Count as if fully set forth herein.

30

11.    The following encumbrances of record upon the 32 Cutler Property are prior in right to the $8,400,000 Mortgage and are not affected by this action:

a.    Any taxes due to the Town of Greenwich that remain outstanding and perfected as of the date hereof pursuant to applicable law;

b.    Any unpaid sewer and water charges;

c.    Mortgage from Michael Caridi to Intercounty Mortgage, Inc. in the amount of $464,000 dated October 21, 1996 and recorded in Volume 2845 at Page 184, as assigned by assignment to Resource Bancshares Mortgage Group, Inc. dated October 21, 1996 and recorded in Volume 2845 at Page 194, further assigned by assignment to Astoria Federal Savings and Loan Association dated October 31, 1997 and recorded in Volume 2993 at Page 153, all of the Greenwich Land Records;

d.    Mortgage from Michael Caridi and Jill Caridi to CFS Bank in the amount of $865,000 dated March 15, 1999 and recorded in Volume 3244 at Page 272, modified by an instrument dated September 29, 2023 and recorded in Volume 8270 at Page 41, as assigned by assignment to Community Loan Servicing, LLC dated February 4, 2023 and recorded in Volume 8288 at Page 200, further assigned by assignment to Nationstar Mortgage LLC dated December 19, 2023 and recorded in Volume 8288 at Page 201, all of the Greenwich Land Records, subject to an assignment of mortgage from CFS Bank to Community Loan Servicing, LLC dated September 25, 2023 and recorded in Volume 8296 at Page 163 of the Greenwich Land Records, further assigned by assignment to Bayview Dispositions VI, LLC dated February 19, 2024 and recorded in Volume 8306 at Page 350, further assigned by assignment to Goldman Sachs Mortgage Company dated February 19,

31

2024 and recorded in Volume 8307 at Page 1, as assigned by assignment to MCLP Asset

Company, Inc., dated March 13, 2024 and recorded in Volume 8307 at Page 2, all of the

Greenwich Land Records;

      e.      Collateral Assignment of Rents and Leases from Michael Caridi and Jill

Caridi to Hudson Valley Bank dated June 13, 2000 and recorded in Volume 3432 at Page

299 of the Greenwich Land Records; and

      f.      Certificate of Attachment in favor of Travelers Casualty and Surety

Company of America against Michael Caridi and Jill Caridi in the amount of $1,272,630.95

dated June 8, 2012 and recorded in Volume 6358 at Page 215 of the Greenwich Land

Records.

      g.      Mortgage from 392 Davis, Michael Caridi and Jill Caridi to The Galinn

Fund, LLC in the original amount of $4,000,000 recorded in Volume 6998 at Page 145 of

the Greenwich Land Records. The $4,000,000 Mortgage was modified by an instrument

recorded on August 23, 2016 in Volume 7116 at Page 262, further modified by a partial

release recorded on August 23, 2016 in Volume 7116 at Page 267 (as to Unit 3 of The

Homes at Whispering Pond Condominium), further modified by an instrument dated

November, 2016 and recorded in Volume 7169 at Page 44, further modified by an

instrument dated May 30, 2017 and recorded in Volume 7255 at Page 255, further modified

by an instrument dated November 28, 2017 and recorded in Volume 7326 at Page 131,

further modified by a partial release of mortgage dated April 27, 2018 and recorded in

Volume 7382 at Page 174 (as to Unit 2 of The Homes at Whispering Pond), and further

modified by a partial release of mortgage dated June 7, 2018 and recorded in Volume 7399

at Page 290, all of the Greenwich Land Records.

h.    Assignment of Leases and Rents from 392 Avenue Associates, LLC to The Galinn Fund, LLC dated November 20, 2015 and recorded in Volume 6998 at Page 182, as modified by a partial release of assignment of leases and rents dated April 27, 2018 and recorded in Volume 7382 at Page 171 (as to Unit 2 of The Homes at Whispering Pond), further modified by a partial release of assignment of leases and rents dated June 7, 2018 and recorded in Volume 7399 at Page 292 (as to Unit 1 of The Homes at Whispering Pond), all of the Greenwich Land Records.

i.    Assignment of Leases and Rents from Jill Caridi to The Galinn Fund, LLC dated November 20, 2015 and recorded in Volume 6998 at Page 194 of the Greenwich Land Records.

j.    A mortgage in the original amount of $250,000 from 392 Davis Avenue Associates, LLC, Michael Caridi and Jill Caridi recorded in Volume 7224 at Page 145, as modified by an instrument dated May 30, 2017 and recorded in Volume 7255 at Page 249, further modified by a partial release of mortgage dated April 27, 2018 and recorded in Volume 7382 at Page 165 (as to Unit 2 of The Homes at Whispering Pond), further modified by a partial release of mortgage dated June 7, 2018 and recorded in Volume 7399 at Page 296 (as to Unit 1 of The Homes at Whispering Pond), further modified by a partial release of mortgage dated June 7, 2018 and recorded in Volume 7399 at Page 304 (as to Unit 1 of The Homes at Whispering Pond), all of the Greenwich Land Records; and

k.    Mortgage from Jill Caridi to The Galinn Fund, LLC in the amount of $1,000,000 dated September 12, 2020 and recorded in Volume 7737 at Page 326 of the

33

Greenwich Land Records.

12.     The following encumbrances of record upon the 32 Cutler Property are subsequent in right and subordinate to the $8,400,000 Mortgage and are sought to be foreclosed out in this action:

a.     Mortgage from 392 Davis Avenue Associates, LLC, Jill Caridi and Michael Caridi to defendant The Galinn Fund, LLC in the amount of $ 9,650,000 dated May 23, 2022 and recorded in Volume 8114 at Page 257 of the Greenwich Land Records

b.     Mortgage from Jill Caridi to defendant SAMR Consulting, Inc. in the amount of $1,750,000 dated September 27, 2019 and recorded in Volume 8074 at Page 164, modified by a subordination agreement dated May, 2022 and recorded in Volume 8114 at Page 294, both of the Greenwich Land Records.

c.     A mortgage from Jill Caridi and Michael Caridi to defendant The Galinn Fund, LLC in the principal amount of $11,250,000 dated February 7, 2023 and recorded in Volume 8194 at Page 312 of the Greenwich Land Records.

13.     Upon information and belief, Jill Caridi is the owner of record and in possession of the 32 Cutler Property.

**ELEVENTH COUNT (Foreclosure of $9,650,000 Mortgage on 32 Cutler Road, Greenwich, Connecticut)**

1.     On or about May 23, 2022, defendant The Complex at Port Chester, LLC ("*Maker*") became indebted to plaintiff, The Galinn Fund LLC ("*Plaintiff*"), in the principal amount of $9,650,000 as evidenced by that certain promissory note of even date (the "***$9,650,000 Note***"), with interest and other charges thereon as provided therein.

34

2.      Also on or about May 23, 2022, defendants 392 Davis Avenue Associates, LLC ("*392 Davis*"), Jill Caridi ("*Jill*"), and Michael Caridi ("*Micheal*") executed guaranty agreements (collectively, the "*$9,650,000 Guaranty*") pursuant to which they guaranteed to Plaintiff the payment and performance of Maker's obligations under the $9,650,000 Note.

3.      On or about May 23, 2022, Jill was the owner of a certain piece or parcel of land with the improvements thereon situated in the Town of Greenwich, Connecticut, commonly known as 32 Cutler Road, and more particularly described in Schedule C attached hereto (the "*32 Cutler Property*").

4.      By a certain Mortgage dated May 23, 2022 ("*$9,650,000 Mortgage*"), to secure the repayment of the debt evidenced by the $9,650,000 Note, 392 Davis, Michael and Jill mortgaged the 32 Cutler Property to Plaintiff.

5-10.   Paragraphs 5 through 10 of the Second Count are incorporated herein as Paragraphs 5 through 10 of this Eleventh Count as if fully set forth herein.

11.     The following encumbrances of record upon the 32 Cutler Property are prior in right to the $9,650,000 Mortgage and are not affected by this action:

        a.      Any taxes due to the Town of Greenwich that remain outstanding and perfected as of the date hereof pursuant to applicable law;

        b.      Any unpaid sewer and water charges;

        c.      Mortgage from Michael Caridi to Intercounty Mortgage, Inc. in the amount of $464,000 dated October 21, 1996 and recorded in Volume 2845 at Page 184, as assigned by assignment to Resource Bancshares Mortgage Group, Inc. dated October 21, 1996 and recorded in Volume 2845 at Page 194, further assigned by assignment to Astoria Federal

Savings and Loan Association dated October 31, 1997 and recorded in Volume 2993 at Page 153, all of the Greenwich Land Records;

       d.      Mortgage from Michael Caridi and Jill Caridi to CFS Bank in the amount of $865,000 dated March 15, 1999 and recorded in Volume 3244 at Page 272, modified by an instrument dated September 29, 2023 and recorded in Volume 8270 at Page 41, as assigned by assignment to Community Loan Servicing, LLC dated February 4, 2023 and recorded in Volume 8288 at Page 200, further assigned by assignment to Nationstar Mortgage LLC dated December 19, 2023 and recorded in Volume 8288 at Page 201, all of the Greenwich Land Records, subject to an assignment of mortgage from CFS Bank to Community Loan Servicing, LLC dated September 25, 2023 and recorded in Volume 8296 at Page 163 of the Greenwich Land Records, further assigned by assignment to Bayview Dispositions VI, LLC dated February 19, 2024 and recorded in Volume 8306 at Page 350, further assigned by assignment to Goldman Sachs Mortgage Company dated February 19, 2024 and recorded in Volume 8307 at Page 1, as assigned by assignment to MCLP Asset Company, Inc., dated March 13, 2024 and recorded in Volume 8307 at Page 2, all of the Greenwich Land Records;

       e.      Collateral Assignment of Rents and Leases from Michael Caridi and Jill Caridi to Hudson Valley Bank dated June 13, 2000 and recorded in Volume 3432 at Page 299 of the Greenwich Land Records; and

       f.      Certificate of Attachment in favor of Travelers Casualty and Surety Company of America against Michael Caridi and Jill Caridi in the amount of $1,272,630.95 dated June 8, 2012 and recorded in Volume 6358 at Page 215 of the Greenwich Land

Records.

g.      Mortgage from 392 Davis, Michael Caridi and Jill Caridi to The Galinn Fund, LLC in the original amount of $4,000,000 recorded in Volume 6998 at Page 145 of the Greenwich Land Records. The $4,000,000 Mortgage was modified by an instrument recorded on August 23, 2016 in Volume 7116 at Page 262, further modified by a partial release recorded on August 23, 2016 in Volume 7116 at Page 267 (as to Unit 3 of The Homes at Whispering Pond Condominium), further modified by an instrument dated November, 2016 and recorded in Volume 7169 at Page 44, further modified by an instrument dated May 30, 2017 and recorded in Volume 7255 at Page 255, further modified by an instrument dated November 28, 2017 and recorded in Volume 7326 at Page 131, further modified by a partial release of mortgage dated April 27, 2018 and recorded in Volume 7382 at Page 174 (as to Unit 2 of The Homes at Whispering Pond), and further modified by a partial release of mortgage dated June 7, 2018 and recorded in Volume 7399 at Page 290, all of the Greenwich Land Records.

h.      Assignment of Leases and Rents from 392 Avenue Associates, LLC to The Galinn Fund, LLC dated November 20, 2015 and recorded in Volume 6998 at Page 182, as modified by a partial release of assignment of leases and rents dated April 27, 2018 and recorded in Volume 7382 at Page 171 (as to Unit 2 of The Homes at Whispering Pond), further modified by a partial release of assignment of leases and rents dated June 7, 2018 and recorded in Volume 7399 at Page 292 (as to Unit 1 of The Homes at Whispering Pond), all of the Greenwich Land Records.

i.      Assignment of Leases and Rents from Jill Caridi to The Galinn Fund, LLC

dated November 20, 2015 and recorded in Volume 6998 at Page 194 of the Greenwich Land Records.

      j.    A mortgage in the original amount of $250,000 from 392 Davis Avenue Associates, LLC, Michael Caridi and Jill Caridi recorded in Volume 7224 at Page 145, as modified by an instrument dated May 30, 2017 and recorded in Volume 7255 at Page 249, further modified by a partial release of mortgage dated April 27, 2018 and recorded in Volume 7382 at Page 165 (as to Unit 2 of The Homes at Whispering Pond), further modified by a partial release of mortgage dated June 7, 2018 and recorded in Volume 7399 at Page 296 (as to Unit 1 of The Homes at Whispering Pond), further modified by a partial release of mortgage dated June 7, 2018 and recorded in Volume 7399 at Page 304 (as to Unit 1 of The Homes at Whispering Pond), all of the Greenwich Land Records; and

      k.    Mortgage from Jill Caridi to The Galinn Fund, LLC in the amount of $1,000,000 dated September 12, 2020 and recorded in Volume 7737 at Page 326 of the Greenwich Land Records.

      l.    Mortgage from 392 Davis Avenue Associates, LLC, Jill Caridi and Michael Caridi to The Galinn Fund, LLC in the amount of $8,400,000 dated August 9, 2021 and recorded in Volume 7955 at Page 203 of the Greenwich Land Records.

    12.    The following encumbrances of record upon the 32 Cutler Property are subsequent in right and subordinate to the $9,650,000 Mortgage and are sought to be foreclosed out in this action:

      a.    Mortgage from Jill Caridi to defendant SAMR Consulting, Inc. in the amount of $1,750,000 dated September 27, 2019 and recorded in Volume 8074 at Page

164, modified by a subordination agreement dated May, 2022 and recorded in Volume 8114 at Page 294, both of the Greenwich Land Records.

      b.     A mortgage from Jill Caridi and Michael Caridi to defendant The Galinn Fund, LLC in the principal amount of $11,250,000 dated February 7, 2023 and recorded in Volume 8194 at Page 312 of the Greenwich Land Records.

      13.     Upon information and belief, Jill Caridi is the owner of record and in possession of the 32 Cutler Property.

**TWELFTH COUNT (Foreclosure of $11,250,000 Mortgage on 32 Cutler Road, Greenwich, Connecticut)**

      1.     On or about February 7, 2023, defendant The Complex at Port Chester, LLC ("*Maker*") became indebted to plaintiff, The Galinn Fund LLC ("*Plaintiff*"), in the principal amount of $11,250,000 as evidenced by that certain promissory note of even date (the "*$11,250,000 Note*"), with interest and other charges thereon as provided therein.

      2.     Also on or about February 7, 2023, defendants 392 Davis Avenue Associates, LLC ("*392 Davis*"), Jill Caridi ("*Jill*"), and Michael Caridi ("*Micheal*") executed guaranty agreements (collectively, the "*$11,250,000 Guaranty*") pursuant to which they guaranteed to Plaintiff the payment and performance of Maker's obligations under the $11,250,000 Note.

      3.     On or about February 7, 2023, Jill was the owner of a certain piece or parcel of land with the improvements thereon situated in the Town of Greenwich, Connecticut, commonly known as 32 Cutler Road, and more particularly described in Schedule C attached hereto (the "*32 Cutler Property*").

      4.     By a certain Mortgage dated February 7, 2023 ("*$11,250,000 Mortgage*"), to secure

39

the repayment of the debt evidenced by the $11,250,000 Note, Michael and Jill mortgaged the 32 Cutler Property to Plaintiff.

5-10.    Paragraphs 5 through 10 of the Third Count are incorporated herein as Paragraphs 5 through 10 of this Twelfth Count as if fully set forth herein.

11.    The following encumbrances of record upon the 32 Cutler Property are prior in right to the $11,250,000 Mortgage and are not affected by this action:

    a.    Any taxes due to the Town of Greenwich that remain outstanding and perfected as of the date hereof pursuant to applicable law;

    b.    Any unpaid sewer and water charges;

    c.    Mortgage from Michael Caridi to Intercounty Mortgage, Inc. in the amount of $464,000 dated October 21, 1996 and recorded in Volume 2845 at Page 184, as assigned by assignment to Resource Bancshares Mortgage Group, Inc. dated October 21, 1996 and recorded in Volume 2845 at Page 194, further assigned by assignment to Astoria Federal Savings and Loan Association dated October 31, 1997 and recorded in Volume 2993 at Page 153, all of the Greenwich Land Records;

    d.    Mortgage from Michael Caridi and Jill Caridi to CFS Bank in the amount of $865,000 dated March 15, 1999 and recorded in Volume 3244 at Page 272, modified by an instrument dated September 29, 2023 and recorded in Volume 8270 at Page 41, as assigned by assignment to Community Loan Servicing, LLC dated February 4, 2023 and recorded in Volume 8288 at Page 200, further assigned by assignment to Nationstar Mortgage LLC dated December 19, 2023 and recorded in Volume 8288 at Page 201, all of the Greenwich Land Records, subject to an assignment of mortgage from CFS Bank to

Community Loan Servicing, LLC dated September 25, 2023 and recorded in Volume 8296 at Page 163 of the Greenwich Land Records, further assigned by assignment to Bayview Dispositions VI, LLC dated February 19, 2024 and recorded in Volume 8306 at Page 350, further assigned by assignment to Goldman Sachs Mortgage Company dated February 19, 2024 and recorded in Volume 8307 at Page 1, as assigned by assignment to MCLP Asset Company, Inc., dated March 13, 2024 and recorded in Volume 8307 at Page 2, all of the Greenwich Land Records;

e.    Collateral Assignment of Rents and Leases from Michael Caridi and Jill Caridi to Hudson Valley Bank dated June 13, 2000 and recorded in Volume 3432 at Page 299 of the Greenwich Land Records; and

f.    Certificate of Attachment in favor of Travelers Casualty and Surety Company of America against Michael Caridi and Jill Caridi in the amount of $1,272,630.95 dated June 8, 2012 and recorded in Volume 6358 at Page 215 of the Greenwich Land Records.

g.    Mortgage from 392 Davis, Michael Caridi and Jill Caridi to The Galinn Fund, LLC in the original amount of $4,000,000 recorded in Volume 6998 at Page 145 of the Greenwich Land Records. The $4,000,000 Mortgage was modified by an instrument recorded on August 23, 2016 in Volume 7116 at Page 262, further modified by a partial release recorded on August 23, 2016 in Volume 7116 at Page 267 (as to Unit 3 of The Homes at Whispering Pond Condominium), further modified by an instrument dated November, 2016 and recorded in Volume 7169 at Page 44, further modified by an instrument dated May 30, 2017 and recorded in Volume 7255 at Page 255, further modified

41

by an instrument dated November 28, 2017 and recorded in Volume 7326 at Page 131, further modified by a partial release of mortgage dated April 27, 2018 and recorded in Volume 7382 at Page 174 (as to Unit 2 of The Homes at Whispering Pond), and further modified by a partial release of mortgage dated June 7, 2018 and recorded in Volume 7399 at Page 290, all of the Greenwich Land Records.

h.      Assignment of Leases and Rents from 392 Avenue Associates, LLC to The Galinn Fund, LLC dated November 20, 2015 and recorded in Volume 6998 at Page 182, as modified by a partial release of assignment of leases and rents dated April 27, 2018 and recorded in Volume 7382 at Page 171 (as to Unit 2 of The Homes at Whispering Pond), further modified by a partial release of assignment of leases and rents dated June 7, 2018 and recorded in Volume 7399 at Page 292 (as to Unit 1 of The Homes at Whispering Pond), all of the Greenwich Land Records.

i.      Assignment of Leases and Rents from Jill Caridi to The Galinn Fund, LLC dated November 20, 2015 and recorded in Volume 6998 at Page 194 of the Greenwich Land Records.

j.      Mortgage in the original amount of $250,000 from 392 Davis Avenue Associates, LLC, Michael Caridi and Jill Caridi recorded in Volume 7224 at Page 145, as modified by an instrument dated May 30, 2017 and recorded in Volume 7255 at Page 249, further modified by a partial release of mortgage dated April 27, 2018 and recorded in Volume 7382 at Page 165 (as to Unit 2 of The Homes at Whispering Pond), further modified by a partial release of mortgage dated June 7, 2018 and recorded in Volume 7399 at Page 296 (as to Unit 1 of The Homes at Whispering Pond), further modified by a partial

42

release of mortgage dated June 7, 2018 and recorded in Volume 7399 at Page 304 (as to Unit 1 of The Homes at Whispering Pond), all of the Greenwich Land Records.

k.    Mortgage from Jill Caridi to The Galinn Fund, LLC in the amount of $1,000,000 dated September 12, 2020 and recorded in Volume 7737 at Page 326 of the Greenwich Land Records.

l.    Mortgage from 392 Davis Avenue Associates, LLC, Jill Caridi and Michael Caridi to The Galinn Fund, LLC in the amount of $8,400,000 dated August 9, 2021 and recorded in Volume 7955 at Page 203 of the Greenwich Land Records.

m.    Mortgage from 392 Davis Avenue Associates, LLC, Jill Caridi and Michael Caridi to The Galinn Fund, LLC in the amount of $ 9,650,000 dated May 23, 2022 and recorded in Volume 8114 at Page 257 of the Greenwich Land Records.

n.    Mortgage from Jill Caridi to SAMR Consulting, Inc. in the amount of $1,750,000 dated September 27, 2019 and recorded in Volume 8074 at Page 164, modified by a subordination agreement dated May, 2022 and recorded in Volume 8114 at Page 294, both of the Greenwich Land Records.

12.    There are no encumbrances of record upon the 32 Cutler Property that are subsequent in right and subordinate to the $11,250,000 Mortgage.

13.    Upon information and belief, Jill Caridi is the owner of record and in possession of the 32 Cutler Property.

WHEREFORE, the Plaintiff claims:

As To the First, Second, and Third Counts:

1. Foreclosure of the $8,400,000 Mortgage, the $9,650,000 Mortgage, and the $11,250,000 Mortgage, respectively, with respect to the Unit 1 Property;

2. Immediate possession of the Unit 1 Property;

3. A deficiency judgment (unless prohibited by a bankruptcy filing);

4. Money damages;

5. The appointment of a receiver to collect rents and profits accruing from the Unit 1 Property;

6. Interest;

7. Reasonable attorney's fees and costs; and

8. Such other relief that this Court deems proper.

As To Fourth, Fifth, and Sixth Counts:

1. Foreclosure of the $8,400,000 Mortgage, the $9,650,000 Mortgage, and the $11,250,000 Mortgage, respectively, with respect to the Unit 2 Property;

2. Immediate possession of the Unit 2 Property;

3. A deficiency judgment (unless prohibited by a bankruptcy filing);

4. Money damages;

5. The appointment of a receiver to collect rents and profits accruing from the Unit 2 Property;

6. Interest;

7. Reasonable attorney's fees and costs; and

8. Such other relief that this Court deems proper.

As to the Seventh through Twelfth Counts:

1. Foreclosure of the $4,000,000 Mortgage, the $250,000 Mortgage, the $1,000,000 Mortgage, the $8,400,000 Mortgage, the $9,650,000 Mortgage, and the $11,250,000 Mortgage, respectively, with respect to the 32 Cutler Property;

2. Immediate possession of the 32 Cutler Property;

3. A deficiency judgment (unless prohibited by a bankruptcy filing);

4. Money damages;

5. The appointment of a receiver to collect rents and profits accruing from the 32 Cutler Property;

6. Interest;

7. Reasonable attorney's fees and costs; and

8. Such other relief that this Court deems proper.

Notice is hereby given to the defendants that the Plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action out of any debt accruing to said defendants by reason of their personal service (unless same has been precluded by virtue of a bankruptcy filing).

Hereof, fail not, but of this writ, with your doings thereon, due service and return make according to the law.

45

Dated at West Hartford, Connecticut, this 5th day of June, 2025.

PLAINTIFF, THE GALINN FUND LLC

By: _____
    C. Donald Neville, Esq.
    THE NEVILLE LAW FIRM, LLC
    67 Somerset Street
    West Hartford, CT  06110
    (860) 430-4186
    dneville@nevillelawfirm.com
    Juris No. 420165
    Its Attorneys

RETURN DATE: JULY 8, 2025        :        SUPERIOR COURT

                                 :

THE GALINN FUND LLC           :        J. D. OF STAMFORD/NORWALK

                                   :

VS.                               :        AT STAMFORD

                                   :

MICHAEL CARIDI, et al.          :        JUNE 5, 2025

## STATEMENT OF AMOUNT IN DEMAND

The amount, legal interest or property in demand is greater than Fifteen Thousand and No/100 ($15,000.00) Dollars, exclusive of interests and costs. Plaintiff also seeks the equitable remedy of foreclosure of the mortgages.

PLAINTIFF, THE GALINN FUND LLC

By: _____

C. Donald Neville, Esq.
THE NEVILLE LAW FIRM, LLC
67 Somerset Street
West Hartford, CT  06110
(860) 430-4186
dneville@nevillelawfirm.com
Juris No. 420165
Its Attorneys

# SCHEDULE A



Commitment No.

VOL: 7955 PG: 236
Inst: 09614

File No.  ST41786-A

**COMMITMENT**
**SCHEDULE A**
**Continued**

**LEGAL DESCRIPTION**

ALL THAT CERTAIN real property, situated in the Town of Greenwich, County of Fairfield and State of Connecticut, being known and designated as **UNIT 1 of THE HOMES AT WHISPERING POND CONDOMINIUM**, together with all appurtenances thereto, as more particularly described and set forth in that certain Declaration of The Homes at Whispering Pond by 392 David Avenue Associates, LLC dated August 17, 2016 and recorded in Volume 7114 at Page 49, as amended by a First Amendment thereto dated March 16, 2018 and recorded in Volume 7373 at Page 161, as further amended by a Second Amendment thereto recorded in Volume 7916 at Page 285, all of the Greenwich Land Records, as the same may be amended, modified and/or supplemented from time to time. TOGETHER WITH such limited common elements as may be appurtenant thereto as may be delineated on Map No. 8994 on file in the Office of the Greenwich Town Clerk.

*This page is only a part of a 2016 ALTA Commitment for Title Insurance. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I - Requirements; and Schedule B, Part II - Exceptions.*

# SCHEDULE B



**VOL: 7955 PG: 237**
**Inst: 09614**

Commitment No.

File No.  ST41786-B

**COMMITMENT**
**SCHEDULE A**
**Continued**

**LEGAL DESCRIPTION**

ALL THAT CERTAIN real property, situated in the Town of Greenwich, County of Fairfield and State of Connecticut, being known and designated as **UNIT 2 of THE HOMES AT WHISPERING POND CONDOMINIUM**, together with all appurtenances thereto, as more particularly described and set forth in that certain Declaration of The Homes at Whispering Pond by 392 David Avenue Associates, LLC dated August 17, 2016 and recorded in Volume 7114 at Page 49, as amended by a First Amendment thereto dated March 16, 2018 and recorded in Volume 7373 at Page 161, as further amended by a Second Amendment thereto recorded in Volume 7916 at Page 285, all of the Greenwich Land Records, as the same may be amended, modified and/or supplemented from time to time. TOGETHER WITH such limited common elements as may be appurtenant thereto as may be delineated on Map No. 8994 on file in the Office of the Greenwich Town Clerk.

*This page is only a part of a 2016 ALTA Commitment for Title Insurance. This Commitment is not valid without the Notice; the Commitment to Issue Policy; the Commitment Conditions; Schedule A; Schedule B, Part I - Requirements; and Schedule B, Part II - Exceptions.*

ORT FORM 4690  6/06 revised 8-1-16
ALTA Commitment for Title Insurance

# SCHEDULE C

VOL: 6998 PG: 181
Inst: 11636

# STEWART TITLE GUARANTY COMPANY
## COMMITMENT
### SCHEDULE A - DESCRIPTION

## LEGAL DESCRIPTION

**First Piece:** (As to 32 Cutler Road)

All that certain tract, piece or parcel of land, with the buildings and improvements thereon, situated in the Town of Greenwich, County of Fairfield and State of Connecticut, bounded and described as follows: BEGINNING at a point on the westerly line of Cutler Road at the intersection of the division line between premises hereby conveyed and land now or formerly of G. Henry Leslie and Myrtle Leslie and running thence along land of said Leslie North 85° 48' 30" West 935.35 feet, thence along land now or formerly of Tamarack Country Club and generally along the center line of the Byram River North 31° 50' 10" West 51.43 feet, North 65° 04' 10" West 42.60 feet and North 7° 25' 10" West 35.00 feet to land now or formerly of Margaret A. Boyle, thence along land of said Boyle and generally along the center line of a brook North 68° 11' 30" East 28.16 feet, North 14° 04' 40" East 89.34 feet, North 16° 54' 20" East 50.75 feet, North 36° 57' 40" East 41.61 feet, North 47° 00' 30" East 40.99 feet, North 51° 47' 50" East 63.03 feet, North 70° 33' 30" East 42.60 feet, North 72° 49' 00" East 61.78 feet, North 49° 01' 30" East 50.05 feet and North 65° 42' 20" East 23.26 feet to a point on a curve on the westerly line of Cutler Road, at which point the radius of the curve bears North 56° 10' 54" East, thence southerly along the westerly line of Cutler Road on a curve to the left having a radius of 865.53 feet, a central angle of 17° 47' 04" a distance of 268.66 feet, thence on a curve to the right having a radius of 246.46 feet, a central angle of 69° 32' 00" a distance of 299.11 feet to the point of beginning, and containing not less than 4.00 acres.

Said premises constitute the northerly portion of the premises shown on a map entitled, "Map of Property Belonging to Yale University to be Conveyed to Hallard C. Faught, Town of Greenwich, Fairfield County" prepared by Chas. H. Sells, Inc., Civil Engineers and Surveyors, Pleasantville, New York October 1948, on file in the Office of the Town Clerk of the Town of Greenwich as Map No. 2676.

RECEIVED FOR RECORD
Dec 14, 2015  10:08:25A
CARMELLA C. BUDKINS
TOWN CLERK
GREENWICH, CT