LAW OFFICES OF RACHEL S. BLUMENFELD PLLC
*Proposed Attorney for the Debtor and Debtor in Possession*
26 Court Street, Suite 814
Brooklyn, New York  11242
Telephone: (718) 858-9600
Rachel Blumenfeld, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
-----------------------------------------------------------------------X

In re:

                                                       **Chapter 11**
                                                       **Case No.: 25-22685 (SHL)**

THE COMPLEX AT PORT CHESTER LLC,

                     Debtors.
-------------------------------------------------------------X

**ORDER TO SHOW CAUSE (I) PURSUANT TO 11 U.S.C. 362(c)(3)(B)
TO EXTEND THE AUTOMATIC STAY ON ALL CREDITORS; (II)
SCHEDULING A HEARING TO REINSTATE THE AUTOMATIC STAY.**

Upon the declarations of Michael Caridi (the "**Caridi Declaration**") the above captioned Debtor The Complex at Port Chester LLC (the "**Debtor**"), and the Motion it is hereby,

**ORDERED**, that Galinn Fund LLC ("**Mortgagor**") show cause before this Court, before the Honorable Sean H. Lane United States Bankruptcy Judge, at the United States Bankruptcy Courthouse, via zoom for Government Video Hearing, the details for which can be found at the following link: https://www.nyeb.uscourts.gov/  on _____ __, at __:00 _.m., 2025  or as soon thereafter as counsel may be heard pursuant to 11 U.S.C. § 362(c)(3)(B) to Extend the Automatic Stay on All Creditors  based upon changed circumstances and for good cause shown, at a hearing before this Court (the "**Hearing**"); and it is further;

**ORDERED** that sufficient reason having been shown therefor that a hearing on the Ex-

1

tension of the Automatic Stay shall be held on August ___, 2025 ___, at __:00 _.m.; and it is further

**ORDERED**, that answering papers, if any, must be in writing, and must set forth with particularity the legal and factual basis of the objection, and must be filed with the Court (with a copy to the chambers of the Honorable Sean H. Lane) and served upon counsel to the Debtor, so that such papers are received by counsel and filed with the Court not later than ___ days before the Hearing Date.

Dated: New York City, New York
      August____, 2025

_____
      THE HONORABLE SEAN H. LANE
      UNITED STATES BANKRUPTCY JUDGE

LAW OFFICES OF RACHEL S. BLUMENFELD PLLC
*Proposed Attorney for the Debtor and Debtor in Possession*
26 Court Street, Suite 814
Brooklyn, New York 11242
Telephone: (718) 858-9600

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
-------------------------------------------------------------------X
In re:

                                               **Chapter 11**
                                               **Case No.: 25-22685 (SHL)**

THE COMPLEX AT PORT CHESTER LLC,

                Debtors.
-------------------------------------------------------------X

**MOTION PURSUANT TO 11 U.S.C. § 362(c)(3)(B)**
**TO EXTEND THE AUTOMATIC STAY ON ALL CREDITORS**

Rachel S. Blumenfeld, proposed counsel to the debtor, The Complex at Port Chester LLC ("**Debtor**"), hereby moves the Court for the entry of an order, pursuant to 11 U.S.C. §§ 105 and 362(c)(3)(B), to continue in full force and effect the automatic stay beyond the 30-days to all creditors against the Debtor (the "**Motion**"). In support thereof, the debtor states as follows:

**Good Faith Filing based on New Investors**

1. The Debtor filed for bankruptcy a second time once securing investors for the development of the Property. The Investors (the "**Investors**") intend to invest at least $53,000,000.00 (the "**Investment**") in developing the Property. Up to $16 million is earmarked for addressing the amount owed to Galinn Fund LLC ("**Galinn Debt**," or "**Galinn Claim**") as well as other secured debts.

2. The names of the current investors are (i) Richard Xia - $20 million; (ii) Anthony

3

Lee - $16 million; and (iii) Roberto Sassone - $17 million.

3. Furthermore, the Debtor is filing a motion pursuant to Section 362(c)(3) of the Bankruptcy Code ("**Motion to Extend Stay**"). Extending the stay requires demonstrating the Debtor's good faith in the instant filing. The Debtor is aware of this high burden. The Investment demonstrates the changed circumstance which will allow the Debtor to successfully reorganize.

4. Finally, the Debtor hopes to close on the financing in a timely fashion. Furthermore, the Debtor through their undersigned counsel has been in contact with Galinn to attempt to work out any outstanding issues.

5. Importantly, in addition to securing financing, the Debtor in this bankruptcy filing has retained counsel who has worked diligently to complete the Bankruptcy Schedules and other necessary filings and assisting the Debtor in meeting its obligations under the Bankruptcy Code.

## THE PRIOR CASE

6. The Debtor sought bankruptcy relief on March 5, 2025, prior in the Southern District of New York Bankruptcy Court under case number 25-22181-shl by filing a *pro se* case, seeking to reorganize through its chapter 11 case.

7. The United States Trustee filed a motion to dismiss the First Bankruptcy [the "**First Bankruptcy**," ECF Docket No. 6] (the "Motion to Dismiss"), on account of among other things, the Debtor's failure to secure counsel, file required schedules and otherwise follow proper procedures.

4

8.     Galinn filed a Motion for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code (the "**Lift Stay Motion**") [*See* First Bankruptcy Case; ECF Docket No. 15]

9.     The Court dismissed the First Bankruptcy case on May 22, 2025 [*See* First Bankruptcy Case; ECF Docket No. 19].

10.    Pursuant to the Order

> Upon the motion (the "UST Motion") of the United States Trustee for an order dismissing the chapter 11 case of The Complex at Port Chester LLC [ECF No. 7] and the Court's Order to Show Cause (the "OSC") as to why the case should not be dismissed for failure to obtain counsel [ECF No. 8]; and the Court having held hearings on April 9, 2025 and May 6, 2025 (the "Hearings") to consider the UST Motion and the OSC and at which Hearings counsel for the United States Trustee, the principal of the Debtor, and counsel for the The Galinn Fund LLC appeared and were heard; and good cause having been found by the Court to dismiss this case pursuant to 11 U.S.C. § 1112(b)(4)(F) and for the Debtor's failure to retain counsel; and for the reasons set forth on the record at the Hearings;

11.    Galinn alleges that a significant factor for the Dismissal is that the Debtor was unable to make adequate assurance payments.

**THE CURRENT CASE**

12.    The Debtor filed the current case (" **Current Case**") its voluntary petition for relief under the provisions of 11 U.S.C. Chapter 11 on July 22, 2025 (the "**Petition Date**").

    a.     The Debtor continues to manage its businesses as a debtor in possession. No trustee or examiner has been appointed in the Debtor's Chapter 11 Case. Also, no official committee of unsecured creditors has been appointed.

5

**BACKGROUND**

13. The Debtor is a land development company located at 32 Cutler Road Greenwich, CT ("**Premises**").

14. The Debtor owns four (4) undeveloped parcels of land which are totally vacant, located in the heart of Port Chester, New York (the "**Property**").

15. The Debtor was faced with challenges developing the Property because of zoning and financing issues.

16. The Debtor cleared the Property from its former structures and has received zoning approval to build 121 units.

17. However, the approval for re-zoning and site plans took approximately seven years. Not surprisingly, this delay led to a major cash crisis for the Debtor.

18. As a result of these delays, the Debtor's debt to Galinn grew to a level that was unmanageable.

19. The Debtor secured financing from the Investors to (i) address the Galinn Claim and other creditors and (ii) develop the Property by building 121 units.

20. The Debtor filed the Petition on an exigent basis to avoid the foreclosure sale.

21. Debtor's management believes that, given the short breathing spell provided by the filing of this case, the Debtor will be able to finalize the financing with the Investors very shortly.

22. The primary purpose in filing the Present case is to pay the Galinn Claim.

23. When the Debtor filed the Prior Case the Debtor was *pro se* and unable to complete all schedules and file a plan of reorganization.

24. In the current case, the Debtor has addressed the prior issues:

- Failed to pay adequate protection payments as required by the Court – the Debtor demonstrated its financial ability and is prepared to pay off the Gallon claim in a very short period of time.

- Failed to provide evidence of insurance as required by the Court – the Debtor has obtained insurance;

- Failed to file schedules or other required information, including a declaration of the Debtor - the Debtor's Counsel has filed the necessary filings and provided the required information.

- Lacked counsel (and similarly does again in the Second Bankruptcy Case)- the Debtor has remedied that and retained Counsel; and

- Lacks any ability to reorganize - the Debtor has financing in place and can now successfully reorganize.

26. The debtor believes that with these changes, that it can successfully have a successful outcome for itself and its creditors in this chapter 11 case.

## JURISDICTION AND VENUE

27. The Court has jurisdiction over this motion. The U.S. District Court referred to this Court jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157 and the Standing Order of Referral of Cases to Bankruptcy Judges (S.D.N.Y. July 10, 1984) (Ward, Acting C.J.). Moreover, this is a core proceeding arising under 28 U.S.C. § 157. Venue of this motion is proper pursuant to 28 U.S.C. § 1409.

## RELIEF REQUESTED

7

28. The Debtor seeks an order of the Court extending the automatic stay upon all creditors pursuant to 11 U.S.C. § 362 (c)(3)(B). That section provides in relevant part that if a debtor had one or more cases dismissed in the same year, the Section 362(a) stay would go into effect for 30 days in any subsequent case commenced that same year. However, the stay can be extended, after notice and a hearing, upon a finding by the bankruptcy court that the case was filed in good faith. Such a request may be made by motion that is filed no later than thirty days from the date the petition was filed. The debtor bears the burden of demonstrating that the instant case was filed in good faith as to the creditor stayed. In re Ferguson, 376 B.R. 109, 119 (Bankr. E.D. Pa. 2007). Since the Debtor intends to stay the foreclosure by Galinn of its mortgage on the Property, the Debtor's obligation to prove good faith must address Galinn's interest.

29. The term "good faith" is not defined in Bankruptcy Code Section 362. In fact, "The appropriate methodology for determining good faith under § 362(c)(3) and § 362(c)(4) has been the subject of debate in the courts and there is some division of authority on the issue." Ferguson at 119. In Ferguson, the court summarized two general methods for determining the existence of good faith for multiple filers as follows:

> Some courts measure good faith by applying the same statutory standards found in § 362(c)(3)(C) and § 362(c)(4)(D) and employed in those subsection to determine whether a rebuttable presumption exists that the case has been filed "not in good faith." E.g., In re Whitaker, 341 B.R. 336, 345-46 (Bankr. S.D. Ga. 2006). Courts subscribing to this view require that in a chapter 13 case, the debtor prove (usually by clear and convincing evidence) that there has been a substantial change in the debtor's financial or personal circumstances since the dismissal of the previous case and that the current case will likely result in the confirmation of a chapter 13 plan that will be fully performed.

8

> Other courts disagree, reasoning that the "change in circumstances/likely to confirm and perform a chapter 13 plan" standard found in § 362(c)(3)(C)(i)(III)(bb) and § 362(c)(4)(D)(i)(III) is a legal standard that, by its own terms, defines only whether a presumption of lack of good faith arises and that the standard is not an all-encompassing definition of good faith under § 362(c)(3) and (4). *See* In re Ortiz, 355 B.R. 587, 593-94 (Bankr. S.D. Tex. 2006). Consequently, in making a good faith determination under § 362(c)(4)(B), some courts apply the multi-factor, "totality of the circumstances" test historically used in evaluating a debtor's good faith in chapter 13 cases. See, e.g., In re Montoya, 333 B.R. at 457-58. I am persuaded by the Montoya court's reasoning...
> Id. At 119-120.

30.     Under any test the debtor submits that the filing was done in good faith and motivated by the Debtor's desire pay Galinn and develop the Property with 121 units.

31.     Since one of the most compelling factors in determining good faith is the probability of success, the debtor submits that it can demonstrate to the Court that his case was filed in good faith. See Ferguson at 121 (citing In re Morales, 366 B.R. 919, 922 (Bankr. D. Neb. 2007) (suggesting that the probability of success of a debtor's plan is "the most important factor" in determining good faith); In re Charles, 334 B.R. at 218 (requiring debtors to establish a "reasonable" or a "meaningful" probability of success as an objective, threshold requirement to establish good faith under § 362(c)(3)). The Debtor is highly motivated with the assistance of its counsel to finalize the Investment and pay Galinn in full.  Thus with the hiring of securing the investment and hiring bankruptcy counsel, the circumstances that existed when his Prior Case were filed have significantly improved.

32.     The Debtor has filed this case in good faith and to pay Galinn.  Additionally, the Debtor is capable of developing the Property with the assistance of its investors. Signifi-

9

cantly, the Debtor's circumstances have changed since the prior chapter 11 case as the Debtor has secured financing and has retained counsel.

33. For these reasons, the debtor respectfully requests that the Court find that the automatic stay should be imposed and continued past the 30 days.

**WHEREFORE**, the Debtor respectfully requests that the Court grant the relief requested herein and grant such other and further relief as is just.

Dated:  Brooklyn, New York
       August 12, 2025

Respectfully submitted,

*/s/ Rachel S. Blumenfeld*
Rachel S. Blumenfeld, Esq.
Law Office of Rachel S. Blumenfeld
26 Court Street, Suite 814
Brooklyn, New York  11242
Tel:  (718) 858-9600

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------------------------------------X
In re:

                                              **Chapter 11**
                                              **Case No.: 25-22685 (SHL)**

THE COMPLEX AT PORT CHESTER LLC,

                Debtor.
------------------------------------------------------------------X

# AFFIDAVIT OF CHANGED CIRCUMSTANCES

STATE OF NEW YORK    )
                               )ss.:
COUNTY OF KINGS)

Michael Caridi, being duly sworn deposes and says as follows:

1. I am the of the managing member of above captioned debtor and debtor in posssesion The Complex at Port Chester LLC (the "**Debtor**").

2. This is not the first bankruptcy case the Debtor filed. The Debtor filed a prior chapter 11 bankruptcy petition on March 5, 2025, in the SDNY Bankruptcy Court under case number 25-22181-shl.

3. The prior case was dismissed pursuant to the reason listed in the Order that is detailed in the Motion.[1]

4. Since the first case, there has been changes in the Debtor's financial situation.

5. The Debtor has addressed the prior issues. For example:

---

[1] All undefined terms shall have the meaning ascribed in the Motion.

11

- Failed to pay adequate protection payments as required by the Court – the Debtor demonstrated its financial ability and is in communication with Gallon's counsel on working out resolving the case.

- Failed to provide evidence of insurance as required by the Court – the Debtor has obtained insurance;

- Failed to file schedules or other required information, including a declaration of the Debtor - the Debtor's Counsel has made the necessary filings and provided the required information.

- Lacked counsel (and similarly did in the Second Bankruptcy Case) - the Debtor has retained Counsel in the current case; and

- Lacks any ability to reorganize - the Debtor has financing in place.

6. I believe it would be to everyone's benefit for this Honorable Court to continue the automatic stay in the present bankruptcy case. Significantly the Debtor has secured financing- the names of the current investors are (i) Richard Xia - $20 million; (ii) Anthony Lee - $16 million; and (iii) Roberto Sassone - $17 million.

7. It is respectfully submitted that the present case was filed in good faith. As indicated above, since the last case there has been significant changes in the Debtor's finances. The Debtor requires and respectfully requests the opportunity to finalize the financing to repay Galinn everything it is legal owed and reorganize to develop the 121 units through the chapter 11 process instead of allowing the sale of the Property to proceed through a foreclosure sale.

I declare under penalty of perjury that the foregoing is accurate and true.

Dated:  Kings, New York
        August 12, 2025                    */s/ Michael Caridi*

                                           **Michael Caridi**

12

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
----------------------------------------------------------------------X
In re:

                                                       **Chapter 11**
                                                       **Case No.: 25-22685 (SHL)**

THE COMPLEX AT PORT CHESTER LLC,

                      Debtors.
----------------------------------------------------------------X

**AFFIDAVIT OF RACHEL S. BLUMENFELD, ESQ. PURSUANT TO LBR 9077-1
IN SUPPORT OF REQUEST FOR A HEARING ON SHORTENED NOTICE OF MOTION PURSUANT TO 11 U.S.C. § 362(c)(3)(B)
TO EXTEND THE AUTOMATIC STAY AS TO ALL CREDITORS**

RACHEL S. BLUMENFELD, ESQ., affirms, deposes and says:

1. I am an attorney duly admitted to practice before this Court and the Courts of the State of New York and I am counsel ("Firm") for the above referenced Debtor in the above referenced case (hereinafter "Debtor").

2. The Firm submits this affidavit pursuant to Local Rule 9077-1(a) in support of theDebtor's Motion to Extend the Automatic Stay Pursuant to 11 U.S.C. Section 362(c)(3)(B).

3. It is necessary for the Firm to proceed by shortened notice because, the Debtor has only 30 days in order for this Motion to be heard by this Honorable Court and counsel has just recently been retained in this case.  This case was filed on July 22, 2025 and 30 days from that date would be August 21, 2025.

4. The Firm is moving by shortened notice as it is critical that this matter is resolved quickly for the benefit of all parties.

5. No previous application for similar relief has been made by counsel in this case.

6. No previous request for the relief sought herein has been made to this Court or any other court.

13

**WHEREFORE**, the Firm respectfully request that the Court enter an order substantially in the form attached hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper

Dated: Brooklyn, New York
August 12, 2025

Respectfully submitted,

*/s/ Rachel S. Blumenfeld*
Rachel S. Blumenfeld, Esq.
Law Office of Rachel S. Blumenfeld
26 Court Street, Suite 814
Brooklyn, New York  11242
Tel:  (718) 858-9600